**AFFIRM; and Opinion Filed August 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01289-CV

### WEST FORK ADVISORS, LLC, Appellant
### V.
### SUNGARD CONSULTING SERVICES, LLC AND SUNGARD INVESTMENT
### SYSTEMS, LLC, Appellees

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-00681**

## OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Lewis

West Fork Advisors, LLC ("West Fork") appeals the trial court's take nothing summary

judgment in favor of SunGard Consulting Services, LLC and SunGard Investment Systems, LLC

(together, "SunGard"). In three issues, West Fork argues the trial court erred in granting

SunGard's traditional motion for summary judgment, in granting SunGard's no-evidence

summary judgment motion, and in awarding SunGard attorney's fees. We affirm the trial court's

judgment.

### Background

In 2009, a concept was developed within West Fork that would allow individual,

unaccredited investors to invest in assets from which they were currently excluded. The

investment system was called the Multi-Asset Acquisition Program ("MAAP"). Part of the

system involved software that would provide the MAAP internet interface for investors. David Gunderson, who formed and owned West Fork, hired Steve Smith to raise necessary capital to develop MAAP. Smith recommended employing SunGard to write the necessary software, and West Fork and SunGard reached an agreement for SunGard to develop the first phase of software. In April 2010, a company was created that Gunderson intended to "hold and market the MAAP technology," named Privity Financial, LLC ("Privity"). Smith filed the paperwork to form Privity; Gunderson selected the company's name. When it was time for the second phase of software development, in May 2010, SunGard contracted with Privity.

Soon after the formation of Privity, Gunderson and Smith began to have internal issues concerning control of the company. West Fork alleges that Smith secretly named himself—rather than West Fork—as sole owner of Privity when he created it. West Fork alleges further that Smith used control of Privity to usurp control of MAAP. In August 2010, Smith resigned from any entities owned or controlled by Gunderson and informed SunGard that henceforth, Privity (rather than West Fork) was to be considered their customer.

That same month, West Fork sued Privity and Smith, seeking to enjoin their participation in further development of MAAP. West Fork alleged fraud, breach of fiduciary duty, and breach of contract; West Fork also sought an accounting from Privity. But West Fork made no allegations of any improper conduct against SunGard. West Fork nonsuited its lawsuit in September. But in October, Smith and Privity sued West Fork, seeking a declaration of Smith's ownership of Privity. West Fork filed counterclaims, renewing its claims for breach of fiduciary duty and for aiding and abetting a breach of fiduciary duty. West Fork added a claim under the Texas Theft Liability Act. Again, West Fork's claims against Smith and Privity did not allege any wrongdoing by SunGard.

As those parties continued to litigate, Sun Gard was not being paid, and eventually, SunGard stopped working on the project. In December 2010, West Fork and Privity settled their lawsuit with both entities possessing the right to develop the MAAP technology. However, the project never went forward, according to SunGard, because it was never paid for its work. Privity declared bankruptcy in December 2011.

West Fork brought this lawsuit against SunGard in January 2012, alleging SunGard knew MAAP belonged to West Fork but went along with Smith when he began taking steps to steal the system. After several amendments, West Fork's live pleading alleged claims for five torts: misappropriation of trade secrets, theft pursuant to the Theft Liability Act,[1] conversion, unfair competition, and breach of fiduciary duties. For each of the five torts, West Fork pleaded that: (1) Privity and Smith had committed the named tort; (2) SunGard aided and abetted Privity and Smith in committing the tort; and (3) SunGard conspired with Smith and Privity to commit the tort. Only in the pleading for misappropriation of trade secrets, theft, and conversion did West Fork allege SunGard had committed the substantive tort itself.

On these pleadings, SunGard moved for summary judgment on both no-evidence and traditional grounds. The day before the summary judgment hearing, West Fork re-pleaded and dropped its claims under the Theft Liability Act. The trial court granted summary judgment on both no-evidence and traditional grounds and dismissed all of West Fork's claims. SunGard timely filed a motion to modify the court's judgment, seeking to recover its attorney's fees under the Theft Liability Act. SunGard asserts the trial court held a hearing on the issue and granted SunGard's motion from the bench, however our record does not contain a signed order ruling on the motion to modify and awarding attorney's fees.

---

[1] *See, generally*, Tex. Civ. Prac. & Rem. Code §§ 134.001–.005 (West 2011).

–3–

West Fork appeals the award of attorney's fees to SunGard. As to its substantive claims, West Fork appeals only the summary judgment on its derivative claims (conspiracy and aiding and abetting) related to the four remaining underlying tort claims (misappropriation of trade secrets, conversion, unfair competition, and breach of fiduciary duties).

**Summary Judgment**

We apply well-known standards in our review of traditional and no-evidence summary judgment motions. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). With respect to a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548–49. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. TEX. R. CIV. P. 166a(i); *Gish*, 286 S.W.3d at 310. To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. *Gish*, 286 S.W.3d at 310; *see also* TEX. R. CIV. P. 166a(i). Within the framework of these standards, we review the trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). SunGard's motions include arguments for dismissing certain of West Fork's claims as a matter of law. One of these legal arguments contended that West Fork could not prevail on its claims for derivative torts absent an underlying tort committed by a named defendant. Although SunGard raised additional summary judgment arguments in its motion, this ground provides a sufficient basis for our opinion affirming the trial court's judgment.

## Conspiracy

A civil conspiracy involves a combination of two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Conspiracy is a derivative tort because "a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Id.* There are a number of ways the viability of a conspiracy claim can be defeated by the claimant's failure to establish an underlying tort. The trial court may correctly grant summary judgment against the claimant on the underlying tort. *See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 582–83 (Tex. 2001). The claimant may fail to plead the underlying tort on which he relies. *See Wingert v. Devoll*, No. 03-09-00440-CV, 2010 WL 3271744, at *7 (Tex. App.—Austin Aug. 20, 2010, pet. denied). Or the tort that the claimant does plead may not legally exist. *See Chu v. Hong*, 249 S.W.3d 441, 444–45 (Tex. 2008). Regardless of the reason for the failure of the underlying tort, there can be no independent liability for civil conspiracy. *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos., Inc.*, 217 S.W.3d 653, 668 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

In this case, West Fork has not challenged the trial court's dismissal of its claims that SunGard committed misappropriation of trade secrets and conversion. And although West Fork alleged below that Smith and Privity had committed misappropriation of trade secrets, conversion, unfair competition, and breach of fiduciary duties, West Fork did not join either of those parties as defendants in this case so that their purported liability could be adjudged by the trial court.[2] Accordingly, West Fork is unable to establish that any named defendant is liable for an underlying tort. In the absence of such liability, West Fork's conspiracy claim must fail. *See*

---

[2] Given that so many of the claims pleaded in the West Fork–Privity litigation were identical to the claims pleaded here, it is likely the settlement between those parties precluded West Fork's joining Smith or Privity in this litigation.

*Tilton*, 925 S.W.2d at 681 ("a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable"); *Four Bros. Boat Works,* 217 S.W.3d at 668 ("to prevail on a civil conspiracy claim, the plaintiff must show the defendant was liable for some underlying tort"); *AFE Oil & Gas, L.L.C. v. Hess*, No. 05-07-01564-CV, 2009 WL 294828, at *4 (Tex. App.—Dallas Feb. 9, 2009, no pet.) ("if no defendant is liable for fraud, then no defendant can be liable for conspiracy to commit fraud").

We conclude SunGard established it was entitled to summary judgment on West Fork's conspiracy claims as a matter of law. The trial court did not err in granting summary judgment on those claims.

### Aiding and Abetting

West Fork has also challenged the trial court's summary judgment on its aiding and abetting claims.[3] These claims require the actor, with unlawful intent, to give substantial assistance and encouragement to a wrongdoer in a tortious act. *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996). West Fork acknowledges the derivative nature of aiding and abetting. And the supreme court has specifically dealt with aiding and abetting—as it has dealt with conspiracy—as a "dependent" claim, which is "premised on" an underlying tort. *See Ernst & Young*, 51 S.W.3d at 583. Thus, when an underlying tort fails, there can be neither a conspiracy claim nor an aiding and abetting claim related to that failed tort. *See id.* West Fork's failure to establish independent tort liability against any named defendant is fatal to its aiding and abetting claims as well as its conspiracy claims. *See id.*

---

[3] In its first motion for summary judgment, SunGard challenged the existence of a cause of action for "aiding and abetting" acts of misappropriation. We need not consider whether Texas law recognizes a cause of action for aiding and abetting—separate and apart from a conspiracy claim—because we conclude such a claim would fail in this case. *See Ernst & Young*, 51 S.W.3d at 583 n.7.

We stress as well that even if West Fork's claims were viable, they would not fall within the ambit of a claim for aiding and abetting. The Restatement (Second) of Torts states:

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he . . . knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself.

RESTATEMENT (SECOND) OF TORTS § 876(b) (1979). The supreme court has addressed this provision, stating the Restatement's theory—also called concert of action—has a specific and narrow purpose: to deter antisocial or dangerous behavior. *Juhl*, 936 S.W.2d at 644. Thus, cases employing this theory have involved drag racing or similar conduct posing a high degree of risk to others. *See id.* at 645. Indeed, the supreme court has described the type of conduct implicated by aiding and abetting as "highly dangerous, deviant, or anti-social group activity which was likely to cause serious injury or death to a person or certain harm to a large number of people." *Id.* West Fork alleges Smith and Privity stole the MAAP system; its suit involves the misappropriation of trade secrets. None of West Fork's allegations can be cast as dangerous or deviant or antisocial. Even if West Fork could establish liability for an underlying tort in this case—which it cannot—the type of liability it seeks to impose derivatively would not fall within the scope of the tort of aiding and abetting.

We conclude SunGard established its right to judgment as a matter of law on West Fork's claims for aiding and abetting. The trial court did not err in granting summary judgment on those claims.

Given our disposition of West Fork's claims for conspiracy and aiding and abetting, we overrule West Fork's first and second issues.

### Attorney's Fees

In its third issue, West Fork contends the trial court erred in awarding attorney's fees to SunGard. SunGard sought an award of attorney's fees under the Theft Liability Act after the

trial court signed the summary judgment order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.005(b) ("Each person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees."). SunGard argued that West Fork nonsuited its theft claim in order to avoid an unfavorable ruling that would have exposed it to liability for SunGard's attorney's fees. *See id.* SunGard relied on the supreme court's opinion in *Epps v. Fowler*, which holds in the context of a contractual right to attorney fees that "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." 351 S.W.3d 862, 870 (Tex. 2011); *see BBP SUB I LP v. DiTucci*, 05-12-01523-CV, 2014 WL 3743669, at *4 (Tex. App.—Dallas July 29, 2014, no pet. h.) (memo op.) (affirming trial court's award of attorney's fees under Theft Liability Act to "prevailing party" where trial court determined Theft Liability Act claim was nonsuited to avoid an unfavorable ruling on the merits).

SunGard timely filed its motion to modify the trial court's August 11, 2013 judgment. SunGard represents that the trial court heard its motion to modify on October 9, 2013 and granted the motion from the bench. However, our record contains no reporter's record of that hearing and no order ruling on the motion to modify. The rules of civil procedure provide:

> In the event . . . a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

TEX. R. CIV. P. 329b(c); *Johnson v. Dallas County*, No. 05-12-01046-CV, 2014 WL 1010259, at *2 (Tex. App.—Dallas Mar. 5, 2014, no. pet. h.) (memo op.) ("a motion to modify the judgment is overruled by operation of law seventy-five days after the judgment is signed"). In this case, because there was no written order signed within seventy-five days after the judgment was signed, SunGard's motion to modify was overruled by operation of law on October 25, 2013.

Because SunGard's request for fees was overruled by operation of law, we conclude the trial court did not award attorney's fees to SunGard. As a result, West Fork's challenge to an attorney's fees award is moot. We overrule West Fork's third issue.

## Conclusion

We affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

131289F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WEST FORK ADVISORS, LLC, Appellant

No. 05-13-01289-CV        V.

SUNGARD CONSULTING SERVICES, LLC AND SUNGARD INVESTMENT SYSTEMS, LLC, Appellees

On Appeal from the 95th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-12-00681.
Opinion delivered by Justice Lewis, Justices Fillmore and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SUNGARD CONSULTING SERVICES, LLC and SUNGARD INVESTMENT SYSTEMS, LLC recover their costs of this appeal from appellant WEST FORK ADVISORS, LLC.

Judgment entered this 5th day of August, 2014.