

# NUMBER 13-14-00139-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CARLOS MACIAS,                                           **Appellant,**

**v.**

JULIAN GOMEZ III, M.D. AND THE
JULIAN C. GOMEZ AND KERRI S.
GOMEZ CHILDREN'S TRUST,                        **Appellees.**

## On appeal from the 332nd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Rodriguez**

This summary judgment proceeding involves a limited liability company (LLC) and

disputes between appellant Carlos Macias, a majority interest member and the manager

of the LLC, and appellees Julian Gomez III, M.D. (Dr. Gomez) and the Julian C. Gomez and Kerri S. Gomez Children's Trust (the Trust), minority interest members of the LLC.[1] By two issues, Macias contends that the trial court erred in granting a traditional summary judgment against him (1) on his breach of fiduciary duty claim because a fiduciary relationship existed; and (2) on his civil conspiracy and aiding and abetting claims because Dr. Gomez and the Trust did not address those claims in their summary judgment motion and they are not derivative claims. We affirm.

## I. BACKGROUND[2]

Dr. Gomez and the Trust sued Macias, alleging unlawful actions involving the LLC.[3] Macias filed a general denial and pleaded affirmative defenses. Macias counterclaimed against Dr. Gomez and the Trust for abuse of process, breach of fiduciary duty, unjust enrichment, and business duress/coercion. He also sought declaratory relief.[4]

On July 23, 2009, Dr. Gomez and the Trust filed a traditional summary judgment

---

[1] The parties identify Border Furniture, LLC, as the LLC in this case.

[2] As this is a memorandum opinion and the parties are familiar with the facts and all issues of law presented by this case are well settled, we will not recite the facts or the law here except as necessary to advise the parties of the Court's decision and the basic reasons for it. See TEX. R. APP. P. 47.4.

[3] Dr. Gomez and the Trust sued Macias for breach of contract, quantum meruit, promissory estoppel, negligent misrepresentation, fraud, conversion, breach of fiduciary duty, oppressive conduct, civil conspiracy, accounting, and unlawful actions under the Texas Theft Liability Act. Dr. Gomez and the Trust non-suited their claims after the trial court granted summary judgment in their favor on Macias's counterclaims.

[4] Macias requested the following declaratory relief: (1) that plaintiffs' claims were barred either by estoppel, waiver, ratification, or res judicata; (2) that plaintiffs' rights and duties as members are equal to, and not above those of Macias; (3) that the trial court declare the fair value of Plaintiffs' interest in the company; (4) that such amount be offset by fees and expenses; and (5) that Plaintiffs must contribute in their proportionate share to the operation or liabilities of the business.

2

motion on Macias's counterclaims.[5]  On August 24, 2009, after he responded to the summary judgment motion, Macias amended his answer and his counterclaims.  He reasserted breach of fiduciary duty and unjust enrichment, and again sought declaratory relief and pleaded affirmative defenses.  Macias also added claims of civil conspiracy and aiding and abetting.[6]

On May 18, 2011, the trial court granted summary judgment against Macias, without specifying the grounds, and dismissed all of his counterclaims with prejudice.  Dr. Gomez and the Trust nonsuited their claims on December 2, 2013, and the trial court issued its final judgment on December 5, 2013.  This appeal followed.

## II.  STANDARD OF REVIEW

We review a trial court's summary judgment de novo.  *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004).  To obtain a traditional summary judgment a movant must demonstrate that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  A plaintiff moving for traditional summary judgment on a counterclaim must negate at least one essential element of the defendant's counterclaim.  *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 113 (Tex. App.—

---

[5] Dr. Gomez and the Trust also filed a no-evidence summary judgment motion, but later abandoned it.  So our review involves only the traditional summary judgment granted in favor of Dr. Gomez and the Trust on Macias's counterclaims.

[6] Although the trial court granted summary judgment against Macias on all counterclaims, on appeal, Macias only addresses and argues issues regarding his claims for breach of fiduciary duty, civil conspiracy, and aiding and abetting.  He does not complain that summary judgment was improper on his unjust enrichment claim and his declaratory judgment action.  So Macias waived any error with regard to those claims.  *See Jacobs v. Satterwhite*, 65 S.W.3d 653, 655–56 (Tex. 2001) (per curiam) (reasserting that grounds of error not asserted by issues or argument in the court of appeals are waived).

Houston [14th Dist.] 2007, no pet.) (citing *Taylor v. GWR Operating Co.*, 820 S.W.2d 908, 910 (Tex. App.—Houston [1st Dist.] 1991, writ denied)).

### III.    Breach of Fiduciary Duty Counterclaim

By his first issue, Macias contends the trial court erred when it concluded that no fiduciary relationship existed between Macias and Dr. Gomez and the Trust and granted summary judgment against him on his breach of fiduciary duty counterclaim.  *See Burrow v. Arce*, 997 S.W.2d 229, 237 (Tex. 1999) (setting out the elements of a breach of fiduciary duty claim as follows:   (1) a fiduciary relationship between the plaintiff and defendant; (2) a breach of the duty by the defendant; and (3) injury to the plaintiff or benefit to the defendant because of the defendant's breach); *SJW Prop. Commerce, Inc. v. Sw. Pinnacle Props., Inc.*, 328 S.W.3d 121, 154 (Tex. App.—Corpus Christi 2010, pet. denied) (op. on reh'g).   Macias claims that Dr. Gomez and the Trust owed him a fiduciary duty because they were minority members of the LLC and exercised control over it.   Macias contends that he established that Dr. Gomez and the Trust actively controlled the LLC by exercising power over the business and thwarting its sale.   He argues that, because of this alleged control, Dr. Gomez and the Trust stood as fiduciaries or, at least, that he presented a question of fact as to their fiduciary status.   In response, Dr. Gomez and the Trust argue that we cannot consider this argument on appeal because Macias did not raise it in the trial court.

### A.    Motion and Response Filed in the Trial Court

Dr. Gomez and the Trust filed their motion for summary judgment, asserting that as minority owners they did not owe Macias, a majority owner, a fiduciary duty as a matter

4

of law.   Macias's response to this challenge follows in its entirety:

> Because the argument here is purely legal, it shall be addressed at the outset.
>
> Defendants claim that minority members owe no fiduciary duty to majority members of an LLC.   No Texas court case is cited for this proposition, and Plaintiffs cite an inapposite federal case (which addressed corporations, a different business entity).
>
> No court has held that members of a Limited Liability Company do not have a fiduciary duty to one another and Plaintiffs would have this Court make a novel ruling.   Commentators uniformly concur, however, that such a duty exists since an LLC, being taxed like a partnership, has corresponding partnership duties (all partners in a partnership have a fiduciary duty to one another).   The Affidavit of Carlos Macias (Exhibit "A") establishes that Plaintiffs were minority members of the LLC.   Dr. Gomez feels no responsibility to his fellow business members (Exhibit "B" [Gomez's deposition excerpts], p. 16 [6-12], p. 32 [1-4]).

In his attached affidavit, Macias averred the following:

> I was the majority member of Furniture Depot Center [FDC].   Dr. Julian Gomez was a minority member, as were the Julian and Kerri S. Gomez Children's Trust.
>
> In order to keep Furniture Depot Center from shutting down in the wake of this nation's economic meltdown, I injected monies into the business and incurred legal debts to make payroll, for example.   Mr. Julian Gomez and Dr. Gomez directed that I take certain actions and substantially attempted to run the business.   Also, there was a buyer of Furniture Deport Center, but sale of such entity was thwarted because Dr. Gomez sought to be preferentially treated ahead of the other members with respect to the proceeds of sale.   Dr. Gomez also prevented FDC from having meetings, enjoining all meetings.   I sought to have meetings so that I could have the assistance of the members in keeping the business operational.   The business eventually shut down and is being liquidated.

## B.    Discussion

"The non-movant must expressly present to the trial court, by written answer or response, any issues defeating the movant's entitlement to summary judgment."   *Tello*

5

*v. Bank One, N.A.*, 218 S.W.3d 109, 118 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citations omitted). "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c); *see City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979); *see also Ruiz v. CBL & Assocs. Props., Inc.,* No. 13-13-00670-CV, 2014 WL 4161583, at *2 & n.1 (Tex.—Corpus Christi Aug. 21, 2014, no pet.) (mem. op.). And to "expressly" present issues pursuant to Rule 166a(c), "'[t]he written answer or response to the motion must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion.'" *Tello*, 218 S.W.3d at 119 (quoting *Clear Creek*, 589 S.W.2d at 678). "The requirement that the non-movant "fairly apprise" the trial court of the issues allegedly defeating summary judgment clearly contemplates that the trial court is not required to guess why a non-movant presents certain evidence or consider every possible reason the evidence might defeat summary judgment." *Id.* at 120.

In the trial court, Macias claimed that Dr. Gomez and the Trust owed him a fiduciary duty, as a matter of law, because they were minority owners of the LLC and Macias was a majority owner. He compared the LLC to a partnership, where, as he asserted, all partners owe a fiduciary duty to one another. This is the only basis Macias urged in support of his responsive argument in the trial court. Nonetheless, in his reply brief on appeal, Macias argues that he did raise the control issue through his affidavit. He claims that all of the actions discussed in his affidavit relate to issues of control, and therefore the control issue was not raised for the first time on appeal. We disagree.

6

In his response, Macias asserted only that the affidavit established that Dr. Gomez and the Trust "were minority members of the LLC" and that, like a partnership, LLC members owed each other a fiduciary duty. He made no argument in his response and no statement in his affidavit that, through the described acts, Dr. Gomez and the Trust controlled the LLC in a manner that created a fiduciary duty between the members of the LLC. We cannot conclude that Macias's responsive argument and the statements in his affidavit regarding Dr. Gomez's actions fairly apprised the trial court what, if anything, Macias wanted the trial court to do with that information. *See id.* at 120.

Because Macias did not fairly apprise the trial court of this "control" argument in his written response, we cannot reverse the trial court's summary judgment order on the basis that Dr. Gomez and the Trust, minority members of the LLC, controlled the LLC such that they owed a fiduciary duty to Macias.[7] *See id.*; *see also* TEX. R. CIV. P. 166a(c); *Clear Creek Basin Auth.*, 589 S.W.2d at 678–79; *Ruiz,* 2014 WL 4161583, at *2 & n.1. Our review is restricted to those grounds raised in the trial court. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678. We overrule Macias's first issue.

## IV.    CIVIL CONSPIRACY AND AIDING AND ABETTING CLAIMS

By his second issue, Macias contends that the trial court erred in disposing of his civil conspiracy and aiding and abetting claims, which he pleaded in his amended petition filed after Dr. Gomez and the Trust filed their motion for summary judgment. He also asserts "[t]hese claims cannot be derivative of the breach of fiduciary duty claim because

---

[7] We offer no opinion as to whether an LLC's minority members who control activities of the LLC owe a fiduciary duty to majority members.

they are distinct causes of action not based upon the legal existence of the breach of fiduciary duty claim." We disagree.

## A. Applicable Law

The general rule is that trial courts commit reversible error if they grant summary judgment on unaddressed claims. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam). The general rule, however, is subject to the following two exceptions:

> (1) when the movant has conclusively proved or disproved a matter (usually corresponding to a claim's element or to an affirmative defense) that would also preclude the unaddressed claim as a matter of law or (2) when the unaddressed claim is derivative of the addressed claim, and the movant proved its entitlement to summary judgment on that addressed claim.

*Id.* at 297. If either exception is met, the trial court's error is harmless. *See id.* at 297–98.

## B. Error in Granting Summary Judgment on Unaddressed Counterclaims

In this case, after Dr. Gomez and the Trust filed their motion for summary judgment, Macias added his claims for civil conspiracy and aiding and abetting. The summary judgment motion did not address Macias's new claims, and Dr. Gomez and the Trust filed no supplemental or amended motion addressing those claims. The trial court erred in granting the motion as to Macias's civil conspiracy and aiding and abetting claims. *See id.* at 297. Having so concluded, we must look to the two exceptions to determine whether the error harmed Macias. *See id.* at 297–98.

## C. Harmless Error

In this appeal, the relevant exception to the general rule is the second exception—

8

"when the unaddressed claim is derivative of the addressed claim, and the movant proved its entitlement to summary judgment on that addressed claim." *Id.* at 297.

Conspiracy requires proving an underlying, intentional tort. *W. Fork Advisors, LLC v. SunGard Consulting Servs., LLC*, 437 S.W.3d 917, 920–21 (Tex. App.—Dallas 2014, pet. filed) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) (op. on reh'g)). Aiding and abetting similarly requires proving an underlying, specific-intent tort or grossly negligent act. *W. Fork Advisors*, 437 S.W.3d at 921 (citing *Ernst & Young, L.L.P. v. Pac Mut. Life Ins. Co.*, 51 S.W.3d 573, 583 (Tex. 2001) (holding that summary judgment on the underlying tort claim disposed of plaintiff's civil conspiracy and aiding and abetting claims)). In other words, conspiracy and aiding and abetting are both derivative claims that require the commission of an underlying tort to be viable. *Id.* at 920–21; *see Ernst & Young*, 51 S.W.3d at 583; *Tilton*, 925 S.W.2d at 681; *see also Bailey v. Smith*, No. 13-05-085-CV, 2006 WL 1360846, at *13 (Tex. App.—Corpus Christi May 18, 2006, no pet.) (mem. op.). This satisfies the first part of the second exception set out above. *See Magee*, 347 S.W.3d at 297.

Macias's breach of fiduciary duty claim is the only claim upon which he could have premised his derivative claims for conspiracy and aiding and abetting. We have concluded, on appeal, that the breach of fiduciary duty claim fails, so Macias is not entitled to summary judgment on the underlying addressed claim. This satisfies the second part of the exception. *See id.* Because the second exception to the general rule has been met, we conclude that the trial court's error in granting summary judgment on unaddressed civil conspiracy and aiding and abetting claims was harmless. *See id.* at

9

297–98.

We overrule Macias's second issue.

### V. CONCLUSION

We affirm the judgment of the trial court.


NELDA V. RODRIGUEZ
Justice

Delivered and filed the 11th
day of December, 2014.