**Affirm in part and Reverse and Render in part; Opinion Filed July 9, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00042-CV

### SILTEK GROUP TEXAS, LLC, SILTEK GROUP, INC., RENE SIERRA, AND ANA SIERRA, Appellants
### V.
### A&A LANDSCAPE & IRRIGATION LP, AND
### A&A LANDSCAPE & IRRIGATION GP, INC., Appellees

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-11564**

## MEMORANDUM OPINION
Before Justices Bridges, Evans, and Whitehill
Opinion by Justice Evans

In this construction contractor dispute, Siltek Group Texas, LLC, Siltek Group, Inc., Rene Sierra and Ana Sierra (Siltek) appeal the trial court's judgment rendered after a jury trial and in favor of A&A Landscape & Irrigation LP, and A&A Landscape & Irrigation GP, Inc. (A&A). In six issues, Siltek generally challenges the sufficiency of the evidence to support the jury findings, asserts the damages awarded violate the one satisfaction rule, and complains about the trial court's admission of certain evidence. We affirm in part and reverse and render in part.

# BACKGROUND

In 2012, Siltek contracted with A&A to provide landscape and irrigation work for a construction project.[1] After a dispute arose between the parties, Siltek filed this lawsuit for breach of contract against A&A. A&A answered and filed a counterclaim against Siltek asserting claims for breach of contract as well as various fraud and conspiracy claims.

After a trial, the jury made the following findings: (1) Siltek breached the parties' contract, (2) A&A did not breach the contract, (3) Siltek was part of a conspiracy that damaged A&A, and (4) Siltek committed fraud by failing to disclose information, and by intentional misrepresentation. The jury awarded A&A damages of $190,716.40 for breach of contract, $195,043.57 for conspiracy, $14,240.03 for fraud by failure to disclose information, and $100,000 for fraud by intentional misrepresentation.[2] The trial court rendered judgment in favor of A&A awarding it $190,716.40 on its breach of contract claim and $195,043.57 on its conspiracy claim for a total award of $385,759.97. Siltek appeals.

# ANALYSIS

## A. Breach of Contract

We begin by addressing Siltek's sixth issue, which raises sufficiency challenges to the evidence supporting the jury's finding that Siltek breached its contract with A&A. We sustain a legal sufficiency challenge when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Res. Corp.*, 299 S.W.3d 106, 115 (Tex. 2009). In conducting our

---

[1] On the construction project in question, Siltek Group Texas was a subcontractor to Siltek Group Inc. which was the general contractor for the project.

[2] No fraud damages were included in the trial court's judgment.

review, we credit evidence that supports the verdict if reasonable jurors could have done so and disregard contrary evidence unless reasonable jurors could not have done so. *Id*. For factual sufficiency challenges, we set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). We defer to the jury's implicit determinations of credibility and weight to be given the evidence. *See Golden Eagle Archery, Inc., v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

To succeed on a breach of contract claim, a party must prove (1) a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of contract by the other party, and (4) damages resulting from the breach. *See Marquis Acquisitions, Inc. v. Steadfast Ins. Co.*, 409 S.W.3d 808, 813 (Tex. App.—Dallas 2013, no pet.). In its argument under this issue, Siltek asserts that A&A failed to present legally sufficient evidence of the second and third elements above. In essence, Siltek contends the actions A&A alleges constitute Siltek's breach were due to A&A's prior material breach. To support its position, Siltek focuses on evidence supporting its own breach of contract claim against A&A, arguing the evidence showed A&A did not adequately staff the job site, did not complete work in a timely manner, and failed to perform work to the contract's requirements.

Our review of the record reveals there was conflicting evidence with respect to the parties' communications and the events surrounding their contractual dispute. Siltek's owner Ana Silveira-Sierra[3] contended A&A did not timely perform its work and ultimately did not complete much of the contracted work. She estimated A&A only completed about twenty-five percent of the landscaping and twenty percent of the irrigation. Siltek estimated the cost to complete and correct

---

[3] Silveira-Sierra testified she was president/owner of Siltek Group, Inc. and managing partner of Siltek Group Texas, LLC.

A&A's work at $512,668.25. David Santana testified that he was hired by Siltek to complete the work A&A contracted to perform but didn't. Santana indicated that a common area and four of the thirty-seven buildings were not completed on the project. Santana estimated the percentage of landscape and irrigation that was completed before he arrived was about sixty-five percent.

A&A presented testimony from its owner, David Anderton, that A&A completed more or less ninety percent of the work despite the fact that many times the site was not properly prepared to enable A&A to work. Anderton indicated Siltek failed to provide A&A with the necessary access to water for the landscaping and electricity for the use of the irrigation equipment. There was also evidence from A&A's project foreman that when it first started on the project, it learned sleeves had not been laid for the irrigation system. Although Siltek verbally agreed to have A&A place the sleeves, Siltek ultimately refused to pay for the change order. The foreman also testified that a lot of times he was at the site but could not do any work because the site was not properly graded or the site contained construction debris that needed to be removed before the irrigation work and landscaping could be performed. A&A admitted photos into evidence showing debris and other impediments to the irrigation and landscaping work. Nevertheless, the foreman stated "everything that called for irrigation got put in, and everything they got landscaped had irrigation." A&A also admitted into evidence a request from Siltek asking A&A to confirm that it had completed about eight-five percent of its contract for purposes of an annual audit conducted on Siltek's financial statements. Anderton testified that Siltek did not pay them for the work they actually performed and materials delivered to the project. Anderton agreed that A&A was owed $152,465.40 pursuant to the contact and $38,251 for a change order to install sleeves to house the

irrigation system.[4]  Based on the foregoing, we conclude the evidence is legally and factually sufficient to support the jury's finding that Siltek breached the contract.

In reaching our conclusion, we necessarily reject Siltek's contention that because it presented legally and factually sufficient evidence to establish A&A breached the contract first, Siltek was entitled to judgment on its breach of contract claim.  We first note that the jury did not find A&A breached the contract.  When a party attacks the legal sufficiency on an adverse jury finding on which it had the burden of proof, it must demonstrate the evidence establishes as a matter of law all vital facts in support of the issue.  *See Nguyen v. Yovan*, 317 S.W.3d 261, 270 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).  With respect to factual sufficiency, the party must establish the adverse finding is against the great weight and preponderance of the evidence. *See id*.  Which party breached the contract and when they breached were hotly contested, and there was evidence supporting each party's version of events.  Accordingly, Siltek has not met its burden necessary to obtain reversal of the jury's breach of contract findings.  We resolve Siltek's sixth issue against it.

## B.    Fraud claims

We next address Siltek's sufficiency challenges to the jury finding's on A&A's fraud claims using the standards of review set out above.  In its fourth issue, Siltek asserts the evidence is both legally and factually insufficient to support the jury's findings on the claims for fraudulent misrepresentation and fraudulent failure to disclose.  We agree.

The elements of a fraudulent misrepresentation claim are (1) a material misrepresentation (2) that was false (3) made with the knowledge that it was false or made recklessly without any

---

[4] In its brief, Siltek does not appear to dispute A&A presented evidence of contractual damages totaling $190,716.40 stating, "Appellees presented no evidence *other than* the $190,716.40 claimed as breach of contract damages and recovery for an unissued change order." (emphasis added).  During oral argument, Siltek's counsel agreed there was sufficient evidence of the $190,716.40 of damages.

knowledge of the truth and as a positive assertion (4) with the intention that it be acted upon by the other party (5) that the other party acted in reliance on the representation and (6) resulting injury. *See T. O. Stanley Boot Co. Inc., v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992). Similarly, to recover for fraud based on a failure to disclose, a plaintiff must prove (1) the defendant failed to disclose facts that (2) it had a duty to disclose, (3) the facts were material, (4) the defendant knew the plaintiff was unaware of the facts and did not have an equal opportunity to discover the facts, (5) the defendant was deliberately silent when it had a duty to speak, (6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, (7) the plaintiff relied on the nondisclosure, and (8) the plaintiff was injured as a result. *See Blankinship v. Brown*, 399 S.W.3d 303, 308 (Tex. App.—Dallas 2013, pet. denied).

A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made. *See Formosa Plastics Corp. USA v. Presidio Eng'rs. and Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998). A party's intent at the time a representation is made may be inferred, however, from the party's subsequent acts. *See Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986). But the mere failure to perform a contract is not evidence of fraud; rather, the proponent must present evidence that the defendant made representations or failed to disclose with the intent to deceive and with no intention of performing. *Id*. at 435. Slight circumstantial evidence of fraud when considered with the breach of promise to perform is sufficient to support a finding of fraudulent intent. *Id*.

Here, A&A's claims under both fraud theories are based on its contention that from the beginning, Siltek never intended to pay the full value of the contract or pay for the change order for the sleeve work it had requested and A&A performed. To support of its fraud claims, A&A relies on evidence that (1) Siltek misrepresented the character of A&A's work, (2) Siltek claimed payment would be forthcoming and then never paid, (3) Siltek orally agreed to pay for the change

order involving the installation of sleeves and then refused, (4) Siltek sued A&A for breach of contract, and (5) Rene Sierra pleaded guilty to conspiracy to defraud for taking money in an unrelated low-income housing project. A&A further asserts that based on Siltek's (1) false misrepresentations that it would pay A&A for the contracted work or (2) failure to disclose Siltek did not intend to pay for the contracted work, A&A was deprived of the full value of the its contract which amounted to $190,716.40.[5] We do not agree.

Initially, we note there is nothing to connect the guilty plea to the facts of this case or Rene's actions with respect to the contract with A&A; therefore, it is no evidence with respect to Siltek's intent to perform this contract. The remaining circumstantial evidence consisting of Siltek's complaints about A&A's work, Siltek's late payments, and failure to pay for work performed demonstrates nothing more than the ongoing contractual dispute between Siltek and A&A. Because the evidence before us demonstrates nothing more than a mere breach of contract, the evidence is legally insufficient to support the jury's fraud findings. Accordingly, we resolve Siltek's fourth issue in its favor.

### C.      Admission of Guilty Plea

In its third issue, Siltek complains about the admission of evidence of Sierra's prior felony guilty plea arguing its admission violated rules 403 and 404 of the Texas Rules of Evidence and probably caused rendition of an improper judgment. Siltek argues the plea tainted the jury's findings concerning fraudulent misrepresentation, fraudulent failure to disclose, and conspiracy. We review evidentiary complaints for an abuse of discretion and we will not reverse unless an error is shown that probably caused the rendition of an improper judgment. *See Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007) (per curiam). Having

---

[5] The damage figure represented $152,465.40 for the lost value of the contract plus $38,251 for the failure to pay for the sleeve change order.

already concluded that the evidence was legally insufficient to support the jury's fraud findings, we need not address Siltek's arguments asserting the allegedly erroneous admission of the guilty plea tainted the jury's fraud findings. Likewise, it is unnecessary to address the admissibility of the plea absent any argument that its admission caused an improper judgment with respect to the breach of contract claim. *See id.* Indeed, at the oral argument of this cause, Siltek's counsel conceded that the admission of the plea did not cause harm with respect to breach of contract which is the basis for our affirmance of the judgment. Accordingly, we resolve Siltek's third issue against it.

## D.  Conspiracy

In its fifth issue, Siltek challenges the legal and factual sufficiency of the evidence to support the jury's conspiracy finding and the inclusion of $195,043.57 in the judgment for the conspiracy claim. Conspiracy is a derivative tort because a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendant's liable. *W. Fork Advisors, LLC v. SunGuard Consulting Serv., LLC*, 437 S.W.3d 917, 920 (Tex. App.—Dallas 2014, pet. denied). Without an underlying tort, there can be no independent liability for civil conspiracy. *Id.* Having concluded that A&A failed to bring forth more than a scintilla of probative evidence of its fraud claim—the only torts upon which A&A's conspiracy claim could have been based—the jury's conspiracy finding cannot stand. Because there was no evidence of fraud, this tort cannot support the jury's finding that Siltek engaged in a civil conspiracy against A&A. Based on the record before us, there is no underlying tort on which to base a conspiracy finding. *See id.* We resolve Siltek's fifth issue in its favor.

## E.  Damages

In its first and second issues, Siltek complains (1) the trial court's judgment violates the one satisfaction rule and (2) the evidence is insufficient to support the jury's damages award.

While Siltek acknowledges in its appellate brief that A&A presented evidence of breach of contract damages in the amount of $190,716.40, it argues there is no evidence to support the jury's damage award of $195,043.57 for conspiracy or its $14,240.03 award for fraudulent failure to disclose and $100,000 award for fraudulent misrepresentation. Our conclusion that the evidence is legally insufficient to support the jury's findings of fraud and conspiracy necessarily requires reversal of the trial court's judgment award of $195,043.57 for conspiracy.[6]

In its first issue, Siltek contends the trial court's judgment violates the one satisfaction rule. A plaintiff is entitled to only one recovery for any damages suffered, and application of the one-satisfaction rule prevents a plaintiff from obtaining more than one recovery for the same injury. *See Sky View at Las Palmas, LLC v. Mendez*, No. 17-0140, 2018 WL 2449349, at *3 (Tex. June 1, 2018). Here, our determination that A&A is not entitled to recover on its conspiracy and fraud claims leaves only the jury's damages award for breach of contract. Thus, there is no double recovery requiring us to address the one satisfaction rule.

### CONCLUSION

On the record of this case, we conclude the evidence is legally insufficient to support the jury's findings of fraud and conspiracy, but is legally and factually sufficient to support the jury's finding that Siltek breached its contract with A&A. Accordingly, we reverse the trial court's judgment as to conspiracy and render judgment that A&A take nothing on its conspiracy or fraud claims. We affirm the trial court's judgment in all other respects.


170042F.P05

/David Evans/
DAVID EVANS
JUSTICE

---

[6] The judgment did not include the jury's damage awards for fraud. However, based on our determination that the evidence was legally insufficient to support the jury's fraud findings, any damages awarded for fraud are likewise improper.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SILTEK GROUP TEXAS, LLC, SILTEK
GROUP, INC., RENE SIERRA, AND
ANA SIERRA, Appellants

No. 05-17-00042-CV        V.

A&A LANDSCAPE & IRRIGATION LP,
AND A&A LANDSCAPE &
IRRIGATION GP, INC., Appellees

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-11564.
Opinion delivered by Justice Evans,
Justices Bridges and Whitehill
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED IN PART** and **AFFIRMED IN PART.**

We **REVERSE** the portion of the trial court's judgment awarding A&A Landscape & Irrigation, LP and A&A Landscape & Irrigation GP, Inc. $195,043.57 on their conspiracy claim and **RENDER** judgment that A&A Landscape & Irrigation, LP and A&A Landscape & Irrigation GP, Inc. take nothing on their conspiracy and fraud claims against Siltek Group Texas, LLC, Siltek Group Inc., Rene Sierra and Ana Sierra.

We **AFFIRM** the trial court's judgment in all other respects.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 9th day of July, 2018.