**In re the ESTATE of May Belle WOOD, Deceased.**

**No. 7881.**

Court of Civil Appeals of Texas, Beaumont.

Oct. 28, 1976.

Rehearing Denied Dec. 9, 1976.

---

Morris, Graves & Smith, Orange, for appellant.

Marlin Thompson, Orange, for appellee.

KEITH, Justice.

Several parties, alleging that they were the heirs of May Belle Wood, Deceased, instituted suit under the provisions of *Tex. Prob.Code Ann.* § 48 (Supp.1976–1977) to declare heirship of the deceased. Appellant, alleging that she was the adopted daughter of the deceased under the doctrine of equitable adoption, appeared and pleaded

that she was entitled to be declared the heir of the deceased to the exclusion of the other parties.

Trial was to a jury and the first issue submitted [1] was answered adversely to appellant, and the remaining issues in the series, having been submitted conditionally, were not answered. The judgment followed the verdict and appellant has duly perfected her appeal.

Appellant's mother, Reba Johnson, testified that in December of 1922 she entered into an agreement with the deceased whereby the latter agreed to adopt appellant; that Mrs. Wood's husband, R. A. Wood, a lawyer, brought some "adoption" papers to her house where they were signed; that appellant lived with other relatives, while being supported by Mrs. Wood, until she was about seven years of age when she went to live with the deceased. She lived with Mrs. Wood until graduation from high school several years later and Mrs. Wood financed her attendance through nursing school. During the time appellant lived with Mrs. Wood she bore the name "Wooley" and was not generally known as the daughter of Mrs. Wood.

Appellant testified, inter alia, that she knew nothing about any agreement to adopt which might have been negotiated between her mother and Mrs. Wood, saying, " . . . all I knew was that I belonged to Aunt May Belle. I don't know how it came about or anything about it. I just knew that I was there at her house and she made me to know that I was hers and I was to stay there, but I did not have to take her name."

■ Appellant recognizes that in order to prevail she had the burden of proving an agreement on the part of the deceased to adopt the child. In the leading case on the subject, *Cavanaugh v. Davis*, 149 Tex. 573, 235 S.W.2d 972, 974 (Tex.1951), it was said:

1. Special Issue No. One: "Do you find from a preponderance of the evidence that about the year 1922 the deceased, May Belle Wood, agreed with Mrs. Reba Wooley Johnson [mother of appellant], that she, May Belle Wood, would adopt Dorothy Wooley Caldwell [appellant] as her daughter? . . . Answer: No."

"In no case has this Court upheld the adoptive status of a child in the absence of proof of an agreement or contract to adopt."

See also, *Mitchell v. Burleson,* 466 S.W.2d 646, 649 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.), where some of the later cases are cited.

■ Appellant's first point is that the trial court erred in sustaining an objection to the testimony of Mrs. Johnson as to the contents of the "adoption papers" which Lawyer Wood prepared and which she testified were signed by her and deceased. However, as pointed out by appellees, most of the testimony which appellant now says was so vital to her case, was introduced before the jury. Thus, Mrs. Johnson testified that while she could not recall the words actually used in 1922, she did recall the general contents of the document, saying:

"Q.  * * *  Did that document say that—and use the word adoption?
"A. Sure.
"Q. It did use it? You remember that word?
"A. Yeah, I remember that because Uncle Richard [Lawyer Wood] said that."

Elsewhere in the record we find that Mrs. Johnson testified to the jury: (1) "Well, when Aunt May Belle asked me to let her adopt her [appellant], I let her adopt her." (2) Did you enter into a written agreement with May Belle Wood? "I did." (3) And approximately when was this written agreement? "[I]t was in 1922, right after Christmas time." (4) And as between you and May Belle Wood, whose idea was the written agreement? "It was hers." (5) Who signed it? "I signed it; Bill McDonald signed it. Frankie Wooley signed it."

Although appellant complains of error in refusing to let Mrs. Johnson testify further concerning the contents of the lost document,[2] there is no showing in the record of

what her testimony would have been had she been permitted to testify further.

In the recent case of *Swinney v. Winters,* 532 S.W.2d 396, 402 (Tex.Civ.App.—San Antonio 1975, writ ref'd n. r. e.), many authorities are collated supporting this holding:

"There is nothing in the record to show what such excluded testimony would have been. Error is not shown in the exclusion of evidence unless the appellant brings before the appellate court a record that shows clearly not only what the evidence would have been if admitted, but also its relevancy; and where an appellant excepts to a court's ruling excluding testimony of a witness, but does not go further and develop by bill of exceptions what the witness's answer and testimony would have been, no error on the part of the trial court is demonstrated."

So it is in the case at bar. Moreover, even if it be conceded that error is presented, which is not the case, having made "a judgment call" after reviewing the entire record, we find no error requiring a reversal of the cause. *Gomez Leon v. State,* 426 S.W.2d 562, 565 (Tex.1968); *Swinney v. Winters,* supra (532 S.W.2d at 403, footnote 2), and cases therein cited. Point one is overruled.

■ Next, appellant claims that the trial court erred in excluding the will of Lawyer Wood, the contention being that it was a material circumstance tending "to show her [appellant's] status in the household as that of an adoptive daughter rather than grandniece who was merely receiving room and board." Wood's will made several specific bequests and left the remainder of his estate to his wife if she survived; but, in the event she did not survive him, he divided his estate into two parcels, one of which went to the lineal heirs of his father, with the other parcel being bequeathed to appellant. Counsel calls our attention to the fact that appellant was not referred to as a

2. In arriving at a conclusion of no error, or, alternatively, of harmless error, we will concede, arguendo, that the appellant properly es-

tablished that the document was a lost instrument.

"niece" although that term was applied to appellant's sister who was also named in the will.

We find no merit to the point and it is overruled. Although neither party cites any authority directly in point, there is no contention advanced that Mr. Wood was a party to any agreement to adopt appellant. The will which was excluded was not relevant or material to any issue involved in the case. As counsel for appellees aptly responds: "It is interesting to note that the bequest to appellant from Mr. Wood was contingent, and even then, would have only consisted of a share of the estate to be shared equally with the heirs of testator's father, hardly a likely bequest to a daughter." We agree with the observation. The tendered and excluded evidence did not tend to prove any ultimate fact in the cause. Point two is overruled.

∎ In her third point appellant contends that the trial court erred in refusing an addition to the charge on circumstantial evidence which was given. The appellant did not request that the charge of the court be included in the transcript. However, appellees' brief does contain what counsel represents to be a charge on circumstantial evidence [3] and appellant has not challenged this statement. Consequently, we turn our attention to the rejected addition thereto which is quoted in the margin.[4]

At the outset, we note that the instruction which was included in the charge is that set out in 1 *State Bar of Texas, Texas Pattern Jury Charges,* PJC 2.06 (1969). Although the Committee revised such volume after the amendment in 1973 of *Tex.R.* *Civ.P.* 277, it did not revise its comments with reference to the giving or refusal of such an instruction.

We readily admit that the amendment to *Rule* 277 liberalized the practice of giving explanatory instructions. See J. Pope and W. Lowerre, "Revised Rule 277—A Better Special Verdict System for Texas", 27 *Sw. L.J.* 577, 587 (1973). We are not called upon to choose between the competing authorities mentioned in "Comment" appended to *PJC* 2.06, supra, because the instruction given is not challenged by either party. However, we find no error in refusing an addition thereto. *Pope and Lowerre,* supra; *Larson v. Ellison,* 147 Tex. 465, 217 S.W.2d 420, 421 (1949). Point three is overruled.

∎ Finally, without citation of authority, appellant contends that the negative answer of the jury to Special Issue No. One (footnote 1, supra) "was against and contrary to the great weight and preponderance of the evidence which established an affirmative answer to said Special Issue." In our consideration of this point of error, we consider the record as a whole.

We overrule such contention. The evidence adduced upon the trial did no more than raise a fact issue for determination by the jury; it did not establish as a matter of law the existence of an agreement to adopt. Indeed, a careful review of the evidence, reveals that had the jury answered such issue in the affirmative, a serious question of the sufficiency of the evidence to support such an answer would have been presented. Point four is overruled.

The judgment is affirmed.

---

3. "Circumstantial Evidence. A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by witnesses who saw the act done or heard the words spoken or by documentary evidence. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved."

4. The requested language which would have been added to the instruction on circumstantial evidence quoted in footnote 3 read: "To this end you are instructed that the existence of any agreement to adopt, if any, may be established by action, conduct and admissions of the parties and by other relevant facts and circumstances."