**REVERSE and REMAND; and Opinion Filed January 3, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00577-CV

**RENATE NIXDORF GMBH & CO. KG AND WATERCREST PARTNERS, L.P.,**
**Appellants**
**V.**
**TRA MIDLAND PROPERTIES, LLC, PILLAR INCOME ASSET MANAGEMENT, INC., TRA APT WEST TX, L.P., TRANSCONTINENTAL REALTY INVESTORS, INC., AMERICAN REALTY INVESTORS, INC., WINTER SUN MANAGEMENT, INC., H198, LLC, TRIAD REALTY SERVICES, LTD., REGIS REALTY PRIME, LLC, CHICKORY I, L.P., SUNCHASE AMERICAN, LTD., LONGFELLOW ARMS APARTMENTS, LTD., VISTAS OF VANCE JACKSON, LTD., DONALD C. CARTER, ROBERT T. SHAW SR., SCOTT C. LONG, AND RYAN PHILLIPS, Appellees**

On Appeal from the 191st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-17-06190

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Whitehill
Opinion by Justice Brown

Appellants Renate Nixdorf GmbH & Co. KG (RNKG) and Watercrest Partners, L.P.

(Watercrest) appeal the trial court's orders dismissing their claims against appellees TRA Midland

Properties, LLC, Pillar Income Asset Management, Inc., TRA Apt West TX, L.P.,

Transcontinental Realty Investors, Inc., American Realty Investors, Inc., Winter Sun Management,

Inc., H198, LLC, Triad Realty Services, Ltd., Regis Realty Prime, LLC, Chickory I, L.P., Sunchase

American, Ltd., Longfellow Arms Apartments, Ltd., Vistas of Vance Jackson, Ltd., Donald C.

Carter, Robert T. Shaw Sr., Scott C. Long, and Ryan Phillips. In two issues, appellants contend

the trial court erred in granting (1) appellees TRA Midland Properties, LLC's and Pillar Income Asset Management, Inc.'s pleas to the jurisdiction and (2) the remaining appellees' rule 91a[1] motion to dismiss. Because appellants' second amended petition alleges facts sufficient to both state causes of action and establish the trial court's jurisdiction over the causes of action, we reverse the trial court's orders dismissing the claims and remand for further proceedings consistent with this opinion.

BACKGROUND

Appellant RNKG obtained a $48.75 million judgment against W. Eric Brauss and appellant Watercrest obtained a $300,000 judgment against Christine Martin, Brauss's former wife, in December 2009.[2] Just a month earlier, Brauss and Martin fled to Brazil after assigning their interests in several general-partner and limited-partner entities that owned appellee TRA Apt West TX, L.P. (Apt West) to Midland Residential Investment, LLC (MRI).[3] No consideration was paid for the assignments of interests. Apt West wholly owned appellee TRA Midland Properties, L.L.C. (TRA), a limited liability company. TRA's sole asset was a portfolio of twenty-one apartment complexes in Midland, Texas. In 2012, TRA sold the apartment complexes to Midland Investors, LLC (Midland) for $170 million, netting a $40.7 million profit.[4] Midland, however, paid the $40.7 million to appellee Pillar Income Asset Management, Inc. (Pillar), which had no ownership interest in TRA.[5]

---

[1] TEX. R. CIV. P. 91a.

[2] *See generally Brauss v. Triple M Holding GmbH*, 411 S.W.3d 614 (Tex. App.—Dallas 2013, pet. denied).

[3] Prior to the transfers, Brauss managed Apt West and either Brauss or Martin owned the controlling interests in each of the entities with ownership interests in Apt West, including its general partner, TRA Apt GP, Inc., a corporation owned by Brauss. *See Renate Nixdorf GmbH & Co. KG v. Midland Investors, LLC.*, No. 05-14-01258, 2016 WL 1719054, at *1 ns.1, 2 (Tex. App.—Dallas Apr. 28, 2016, pet. dism'd) (mem. op. on reh'g) (*Nixdorf I*).

[4] The complexes were encumbered by a Fannie Mae-backed mortgage in the amount of $130 million.

[5] According to a Pillar interrogatory answer, it received the sale proceeds because it "is an asset manager for the entities that owned [TRA] as of the closing date of the sale of the Apartment Complexes." *See Nixdorf I*, 2016 WL 1719054, at *2 n.4.

In 2013, appellants brought this action against TRA, MRI, Pillar, and Midland, asserting claims under the Texas Uniform Fraudulent Transfer Act (TUFTA).[6] Appellants alleged the defendants knowingly structured the assignment of ownership interests in Apt West and subsequent sale of TRA's apartment complex portfolio to divert the proceeds away from TRA in order to delay, hinder and defraud appellants from collecting on their judgments and for far less than a reasonably equivalent value. Appellants subsequently supplemented their petition to add a cause of action for aiding and abetting fraudulent transfer against TRA, MRI, and Pillar and also asserted TRA's corporate veil should be pierced because it was used as a sham to perpetrate a fraud.

Midland moved for summary judgment on appellants' claims against it, contending, among other things, appellants failed to show they were creditors of TRA and, thus, lacked standing to assert a fraudulent transfer claim concerning the 2012 transaction. The trial court granted the motion and severed appellants' claims against Midland from the claims against the other defendants. Appellants appealed Midland's summary judgment, and this Court affirmed it. *See Nixdorf I*, 2016 WL 1719054. The Court concluded appellants' allegations and summary judgment evidence did not show "any relationship that made appellants creditors of TRA or Midland" and, therefore, "appellants failed to allege or present any evidence of standing to seek relief under [TUFTA] concerning TRA's sale of the apartment complexes to Midland and Midland's transfer of the $40 million at closing." *Id*. at *5. In resolving the issue, the Court did not consider appellants' aiding and abetting causes of action or allegations of corporate veil-piercing because, although appellants raised them on rehearing, they had not been raised in appellants' original briefing. *Id*. at *3 n.5.

---

[6] *See* TEX. BUS. & COM. CODE ANN. §§ 24.001–.013.

–3–

After submission of Midland's appeal but before the *Nixdorf I* opinion issued, appellants filed a second amended petition. The amended petition added Apt West as a defendant, asserting claims against it for fraudulent transfer and aiding and abetting fraudulent transfer. The amended petition also added as defendants Transcontinental Realty Investors, Inc., American Realty Investors, Inc., Winter Sun Management, Inc., H198, LLC, Triad Realty Services, Ltd., Regis Realty Prime, LLC, Chickory I, L.P., Sunchase American, Ltd., Longfellow Arms Apartments, Ltd., Vistas of Vance Jackson, Ltd., Donald C. Carter, Robert T. Shaw Sr., Scott C. Long, and Ryan Phillips (collectively, Pillar transferees). Appellants asserted fraudulent transfer claims against the Pillar transferees, alleging Pillar distributed over $33.6 million of the $40.7 million in proceeds from the sale of the apartment complex portfolio to the Pillar transferees and those transferees paid no value in return. Like the supplemental petition, the second amended petition also included allegations of corporate veil-piercing, asserting both TRA and Apt West were sham entities organized and operated as a mere tool or business conduit of Brauss and Martin to perpetrate fraud.

The second amended petition also contained the following new allegations:

(1) TRA, Apt West, MRI, and Pillar had knowledge that Brauss's and Martin's conduct related to the assignment of ownership interest in Apt West constituted a tort, intentionally assisted and encouraged Brauss and Martin in committing the tort, and were a substantial factor in causing the tort;

(2) the transfer of Brauss's and Martin's ownership interests in Apt West to MRI could not have been accomplished without TRA and Apt West, which, acting under the control of Brauss and Martin, authorized the transfer and accepted MRI as a new member of TRA despite a lack of written acknowledgement from MRI to be bound by the TRA Company Agreement and a representation the transfer was made in accordance with federal securities laws, both required by the TRA Company Agreement;

(3) the fact that the transfer occurred at the Apt West-ownership level concealed the transfer of membership interests in TRA to MRI;

(4) TRA's deed of trust in return for the $130 million mortgage loan on the apartment complex portfolio provided that any transfer of control over TRA

–4–

constituted an event of default, and, despite efforts by TRA, Apt West, MRI, and Pillar to conceal the assignments to MRI, the lender discovered them in 2011 and threatened to accelerate TRA's $130 million debt obligation;

(5) faced with the looming threat of foreclosure, TRA, Apt West, MRI, and Pillar sought and found a buyer, Midland, which marketed the opportunity to its capital partners as an "off-market" transaction to acquire the apartment complexes from a "distressed seller" for a purchase price "at a significant discount to market" due to "lack of effective market exposure;"

(6) by diverting the $40.7 million to Pillar's operating account (where the proceeds were commingled with other Pillar funds), TRA, Apt West, MRI, and Pillar hoped to launder the proceeds and prevent them from being traced to the ultimate beneficiaries: MRI and the Pillar transferees; and

(7) TRA, Apt West, MRI, and Pillar structured the 2009 and 2012 transactions to delay, hinder, and defraud appellants, to obtain property for far less than reasonably equivalent value, and all to ultimately benefit the Pillar transferees.

TRA and Pillar separately filed pleas to the jurisdiction. Apt West and the Pillar transferees filed a joint rule 91a motion to dismiss appellants' causes of action against them on several grounds. The trial court granted the pleas to the jurisdiction and rule 91a motion, dismissed all of appellants' claims against appellees, awarded attorney's fees to the rule 91a movants as the prevailing parties on the motion, and severed appellants' claims against appellees, allowing appellants to pursue this appeal.

APPLICABLE LAW

*Standard of Review*

A plea to the jurisdiction challenges a trial court's power to exercise subject matter jurisdiction over a claim and "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770-71 (Tex. 2018); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). We review the trial court's denial of a plea to the jurisdiction de novo. *Miranda*, 133 S.W.3d at 228. In determining whether the plaintiff has met its burden of alleging facts that affirmatively establish the trial court's subject matter jurisdiction, we look to the allegations in the plaintiff's pleadings, accept them as

–5–

true, and construe them in favor of the plaintiff. *Miranda*, 133 S.W.3d at 226; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). If the plea challenges jurisdictional facts with supporting evidence, the standard of review is like that of a traditional summary judgment. *Id*. at 226-28. We consider the evidence submitted by the parties to resolve the jurisdictional inquiry. *Id*. at 227-28. After a movant asserts and introduces evidence that the trial court lacks subject matter jurisdiction, the nonmovant must raise a genuine issue of material fact to overcome the challenge to jurisdiction and avoid dismissal. *Id*. at 221, 228. In determining whether a material fact issue exists, we must take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Id*. at 228.

Texas Rule of Civil Procedure 91a authorizes a defendant to move for dismissal of a cause of action that has no basis in law or in fact. TEX. R. CIV. P. 91a; *see City of Dallas v. Sanchez*, 494 S.W.3d 722, 724-25 (Tex. 2016). The motion must state that it is made pursuant to rule 91a, identify each cause of action to which it is addressed, and state specifically the reasons the cause of action has no basis in law, no basis in fact, or both. TEX. R. CIV. P. 91a.2. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id*. 91a.1. "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* In deciding a rule 91a motion, the trial court may consider only the live pleading and any attachments thereto. *Id*. 91a.6 ("the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59"); *AC Interests, L.P. v. Tex. Comm'n on Envt'l Quality*, 543 S.W.2d 703, 706 (Tex. 2018). The trial court is to award the prevailing party on a rule 91a motion all costs and reasonable and necessary

attorney fees incurred with respect to the challenged cause of action in the trial court. TEX. R. CIV. P. 91a.7.

We review a trial court's decision on a rule 91a motion de novo; "the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas*, 494 S.W.3d at 724. In doing so, we construe the pleading liberally. *See id*. at 725; *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). We apply the fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action. *Wooley*, 447 S.W.3d at 76.

*TUFTA*

Consistent with its purpose to prevent debtors from defrauding creditors by placing assets beyond the creditors' reach, TUFTA provides a comprehensive statutory scheme through which a creditor may seek recourse for a fraudulent transfer of assets or property. *See Challenger Gaming Solutions, Inc. v. Earp*, 402 S.W.3d 290, 293-94 (Tex. App.—Dallas 2013, no pet). It delineates the types of transfers and obligations that are fraudulent, enumerates the remedies available to a creditor, prescribes the measure of liability of a transferee, and lists defenses and protections afforded a transferee. *See id*.; BUS. & COM. §§ 24.005–.006, 24.008–.009.

Under sections 24.005(a) and 24.006(a), the provisions relevant to appellants' causes of action, a fraudulent transfer is established either by showing a debtor intended to defraud a creditor or made the transfer without receiving reasonably equivalent value.[7] *See* BUS. & COM. §§ 24.005–

---

[7] Specifically, under section 24.005(a), a transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation ...

   (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or

   (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor

      (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

      (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

.006. Section 24.008 provides the forms of equitable relief, including avoidance of a transfer, to which a defrauded creditor may be entitled.[8] To the extent a transfer is voidable, the creditor may recover a money judgment for the value of the asset transferred or the amount necessary to satisfy the creditor's claim, whichever is less. *Id.* § 24.009(b). The judgment may be rendered against the first transferee, the person for whose benefit the transfer was made, or any subsequent transferee other than a good faith transferee who takes for value or from any subsequent transferee. *Id.* A fraudulent transfer under TUFTA is a tort. *Challenger Gaming Solutions, Inc.*, 402 S.W.3d at 295-96.

## Corporate Veil-Piercing

Generally, a corporation is a separate legal entity and insulates its owners or shareholders from personal liability for the corporation's obligations. *See Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex. 2006); *Nichols v. Tseng Hsiang Lin*, 282 S.W.3d 743, 747 (Tex. App.—Dallas 2009, no pet.). However, "[a] corporate veil may be pierced on an alter ego theory 'where a corporation is organized and operated as a mere tool or business conduit of another ....'" *Tryco Enterprises, Inc. v. Robinson*, 390 S.W.3d 497, 508 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd) (quoting

---

BUS. & COM. §§ 24.005(a). Section 24.006(a) identifies a fraudulent transfer as to present creditors, providing as follows:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

BUS. & COM. §§ 24.006(a).

[8] Specifically, section 24.008 provides a defrauded creditor may be entitled to:

(1) avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;

(2) an attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the applicable Texas Rules of Civil Procedure and the Civil Practice and Remedies Code relating to ancillary proceedings; or

(3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure:

    (A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;

    (B) appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or

    (C) any other relief the circumstances may require.

BUS. & COM. § 24.008(a). A transfer is not voidable under section 24.005(a)(1), however, "against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or oblige." *Id.* § 24.009(a).

*Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986) (*superseded in part by* TEX. BUS. CORP. ACT art. 2.21, recodified at TEX. BUS. ORGS. CODE ANN. § 21.223)); *see also Matthews Constr. Co. v. Rosen*, 796 S.W.2d 692, 693 (Tex. 1990) ("When the corporate form is used as an essentially unfair device – when it is used as a sham – courts may act in equity and disregard the usual rules of law to avoid an inequitable result."); *Wilson v. Davis*, 305 S.W.3d 57, 69–70 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The principles applicable to piercing the corporate veil apply equally to limited liability companies. *See* BUS. ORGS. § 101.002(a) (providing section 21.223 applies to limited liability companies and their members); *McCarthy v. Wani Venture, A.S.*, 251 S.W.3d 573, 590–91 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

Most often, a trial court disregards a corporate fiction to hold individuals liable for the debts of the corporation, but Texas courts also apply the doctrine in reverse to allow a corporation's assets to "be held accountable to satisfy the liabilities of individuals who treated the corporation as their alter-ego." *Clement v. Blackwood*, No. 11-16-00087-CV, 2018 WL 826856, *5–6 (Tex. App.—Eastland Feb. 8, 2018, pet. denied) (mem. op.); *Wilson*, 305 S.W.3d at 70–71; *Boyo v. Boyo*, 196 S.W.3d 409, 419 (Tex. App.—Beaumont 2006, no pet) (recognizing courts will reverse pierce to hold corporations liable for debts of controlling shareholders who have used corporations to hide assets). In a reverse piercing case, the goal is to treat the shareholders and the corporation as one and the same rather than disregard the corporate fiction to hold shareholders accountable. *Cappuccitti v. Gulf Indus. Prods., Inc.*, 222 S.W.3d 468, 481–82 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (quoting *Zahra Spiritual Trust v. United States*, 910 F.2d 240, 243–44 (5th Cir. 1990) (concluding Texas law would allow a creditor to reach a corporation's assets when there is a showing of an alter ego relationship between the individual debtor and the corporation)).

To pierce the corporate veil and impose liability under an alter ego theory, a plaintiff must show (1) the persons or entities on whom it seeks to impose liability are alter egos of the debtor;

and (2) the corporate fiction was used for an illegitimate purpose, satisfying the requirement of section 21.223 of the Texas Business Organizations Code. *Tryco Enterprises, Inc.*, 390 S.W.3d at 508. Section 21.223 requires the plaintiff to show (1) actual fraud and (2) that the fraud was perpetrated primarily for the direct personal benefit of the corporation's shareholder, beneficial owner, subscriber, or affiliate. *See* BUS. ORGS. § 21.223(b); *Tryco Enterprises, Inc.*, 390 S.W.3d at 508; *Ocram, Inc. v. Bartosh*, No. 01-11-00793-CV, 2012 WL 4740859, at \*3 (Tex. App.—Houston [1st Dist.] Oct. 4, 2012, no pet.) (mem. op.). An attempt to pierce the corporate veil, in and of itself, is not a cause of action, but rather a means of imposing liability in an underlying cause of action. *Matthews Const. Co.*, 796 S.W.2d at 693 n.1.

### *Aiding and Abetting*

To prevail on an aiding and abetting claim, a plaintiff must prove a defendant, with unlawful intent, gave substantial assistance and encouragement to a wrongdoer in a tortious act. *See Juhl v. Airington*, 936 S.W.3d 640, 644 (Tex. 1996); *West Fork Advisors, LLC v. SunGard Consulting Servs., LLC*, 437 S.W.3d 917, 921 (Tex. App.—Dallas 2014, pet. denied). Aiding and abetting is a dependent claim premised on an underlying tort; there can be no aiding and abetting claim related to an underlying tort claim that fails. *See Ernst & Young, L.L.P v. Pacific Mutual Life Ins. Co.*, 51 S.W.3d 573, 583 (Tex. 2007); *West Fork Advisors, LLC*, 437 S.W.3d at 921.

### ANALYSIS

### *Plea to the Jurisdiction*

Both TRA's and Pillar's pleas to the jurisdiction rely on the law of the case doctrine and, specifically, this Court's conclusion in the *Nixdorf I* opinion that appellants "failed to allege or present any evidence of standing to seek relief under [TUFTA] concerning TRA's sale of the apartment complexes to Midland and Midland's transfer of $40 million at the closing." According to TRA and Pillar, appellants' claims against them relate only to the 2012 sale of the apartment

complex portfolio, so neither TRA nor Pillar can be a debtor, a transferee, or a subsequent transferee as required for a TUFTA defendant.

In their second issue, appellants contend the trial court erred in granting the pleas to the jurisdiction because the second amended petition, with its new factual allegations, sufficiently states causes of action for fraudulent transfer against TRA and Pillar. Specifically, appellants assert their second amended petition alleges their status as judgment creditors seeking enforcement against TRA and Apt West as sham entities used to perpetrate fraudulent transfer and Pillar as both a transferee and as a party that aided and abetted fraudulent transfer. And, because the second amended petition contained new claims and factual allegations not considered by this Court in *Nixdorf I*, appellants maintain the law of case doctrine does not apply.

TUFTA is intended to prevent debtors from defrauding creditors by moving assets out of reach. *See Challenger Gaming Solutions, Inc.*, 402 S.W.3d at 293–94. It broadly defines "transfer" as including "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset ...." BUS. & COM. § 24.002(12); *see Rocklon, LLC v. Paris*, No. 09-16-0070-CV, 2016 WL 6110911, at *3–4 (Tex. App.—Beaumont Oct. 20, 2016, no pet.) (mem. op.) (quoting Spencer W. Creed & Bobbie G. Bayless, *Fraudulent Transfers in Texas*, 39 HOUS. L. REV. 28, 29 (Sept./Oct. 2001) (explaining "transfer" includes "virtually every conceivable method by which a debtor may part with an asset or an interest in an asset")). A "creditor" is a person who has a claim; a "debtor" is a person who is liable on a claim. BUS. & COM. § 24.002(4), (6).

The second amended petition alleges, and appellees do not dispute, that appellants are creditors with respect to judgment debtors Brauss and Martin. And, just a month before appellants obtained judgments against them, Brauss and Martin assigned their interests in "a maze of entities" owning Apt West, which also indirectly effected a transfer of their TRA membership interests and,

–11–

as a result, interest in and control over the equity in TRA's sole asset – the apartment complex portfolio, to MRI for no consideration. The second amended petition alleges both that TRA and Apt West (1) were sham entities organized and used by Brauss and Martin as mere tools and business conduits to defraud investors, and (2) gave substantial assistance to, and acted in concert with, Brauss and Martin to effectuate the fraudulent transfer of Apt West ownership interests and TRA membership interests to MRI, including by authorizing the assignments of interests and accepting MRI as a new TRA member even though requirements of the TRA Company Agreement had not been satisfied. The petition further alleges TRA, Apt West, MRI, and Pillar attempted to conceal the transfer of TRA membership and, because the assignments occurred at the Apt West-ownership level, they were concealed. Finally, the petition alleges TRA, Apt West, MRI, and Pillar ultimately arranged for the sale of the apartment complex portfolio to Midland and diversion of Midland's $40.7 million payment to MRI-controlled Pillar hoping to launder and prevent the proceeds being traced to the ultimate beneficiaries, MRI and the Pillar transferees, which paid no consideration in exchange for those proceeds.

Accepting the allegations in the second amended petition as true and construing them in favor of appellants, we conclude the second amended petition alleges facts that support treating TRA and Apt West as alter egos of Brauss and Martin and, thus, debtors of appellants under TUFTA. *See* BUS. & COM. § 24.002(3), (6); *see, e.g., Rocklon, LLC*, 2016 WL 6110911, at *3–4 (relying on reverse veil piercing, the trial court properly enjoined LLC from accessing, distributing, or disbursing proceeds from sale of LLC's property based on evidence that defendant had used LLC as his alter ego, transferred his interest in LLC to a relative, and then LLC sold its real property with intent of putting assets out of reach of a judgment); *cf. Clement*, 2018 WL 826856, at *5–6 (LLC was liable for the fraudulent actions of its members under reverse veil-piercing principles when a loan by the plaintiffs to avoid foreclosure on a ranch owned by the LLC

–12–

was the product of actual fraud and for the LLC's members' direct personal benefit). We further conclude the second amended petition alleges facts supporting TUFTA causes of action against TRA and Pillar based on the indirect transfers of TRA membership interests and apartment complex portfolio sales proceeds.

Other than stating the trial court, in granting the rule 91a motion to dismiss, had decided appellants lacked standing to bring claims for fraudulent transfer, aiding and abetting, and piercing the corporate veil in connection with the apartment complex portfolio sale, neither TRA nor Pillar addressed the allegations of aiding and abetting and veil piercing in their pleas to the jurisdiction. Instead, they asserted appellants' TUFTA claims against them relate solely to the sale of the apartment complex portfolio and sought dismissal relying on *Nixdorf I* as law of the case for the proposition that appellants have no valid fraudulent transfer claim related to the 2012 sale of the apartment complex portfolio.

Under the law of the case doctrine, questions of law decided on appeal to a court of last resort ordinarily will govern the case throughout its subsequent stages. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). The doctrine is intended to achieve uniformity of decision, judicial economy, and efficiency by narrowing the issues in successive stages of the litigation. *Id*. (quoting *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986)). However, it does not necessarily apply when either the issues or the facts presented in successive appeals are not substantially the same as those involved in the first one. *Hudson*, 711 S.W.2d at 630. Thus, when in a second trial or proceeding, one or both of the parties amend their pleadings, the issues or facts may have sufficiently changed so the law of the case no longer applies. *Id*. Further, the law of the case is not an absolute bar to reconsideration of an issue. *See Briscoe*, 102 S.W.3d at 716. We retain discretion to revisit an issue depending upon the particular circumstances of the case. *Id*.

In *Nixdorf I*, this Court decided the summary judgment in favor of Midland based on the allegations in appellants' amended petition. The Court distinguished the 2009 transfer of Apt West ownership interests from TRA's subsequent sale of the apartment complex portfolio, which TRA held before the transfer of Apt West ownership interests. The Court, however, did not consider the second amended petition's allegations that TRA and Apt West were used as sham entities for the purpose of defrauding investors and, along with Pillar, aided and abetted the fraud. And, unlike the amended petition, the second amended petition alleges affirmative acts on the part of TRA and Apt West, under the control of Brauss and Martin, to aid in (1) assigning the Apt West ownership interests and, indirectly, the TRA membership interests, which included interests in the equity in TRA's assets, and (2) TRA's diversion of the proceeds from the sale of the apartment complex portfolio to Pillar, an MRI-controlled entity, and the Pillar transferees. Because the second amended petition contains allegations, including allegations of an alter-ego relationship between TRA and Apt West and Brauss and Martin, that constitute substantial changes to the amended petition, we conclude the law of the case doctrine does not preclude us from considering the trial court's jurisdiction over the second amended petition's TUFTA causes of action against TRA and Pillar. *See, e.g., El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, No. 08-17-00049-CV, ___ S.W.3d ___, 2018 WL 5641470, at *5–6 (Tex. App.—El Paso Oct. 31, 2018, no pet. h.); *Gillum v. Sante Fe Indep. Sch. Dist.*, No. 01-14-00186-CV, 2016 WL 828055, at *4 (Tex. App.—Houston [1st Dist.] Mar. 3, 2016, no pet.) (mem. op.).[9]

The second amended petition complains of conduct on the part of both TRA and Pillar related to the 2009 transfer of ownership interests in TRA's apartment complex portfolio equity and the 2012 distribution of that equity. The petition also alleges appellants are creditors of TRA

---

[9] Under their second issue, appellants also urge that we reconsider *Nixdorf I*'s conclusion that status as a "creditor" under TUFTA presents a jurisdictional requirement related to standing as opposed to simply satisfying one of the elements of a TUFTA causes of action. However, because of our disposition of this issue, we need not address this additional argument.

under an alter ego theory. After considering the allegations in the second amended petition, accepting them as true and construing them in favor of appellants, and the record before the trial court, including this Court's opinion in *Nixdorf I*, we conclude TRA and Pillar did not establish the trial court lacked subject matter jurisdiction over appellants' TUFTA causes of action against them. Accordingly, the trial court erred in granting their pleas to the jurisdiction. We sustain appellant's second issue.

### *Rule 91a Dismissal*

In their first issue, appellants contend the trial court erred in granting the joint rule 91a motion filed by Apt West and the Pillar transferees. Because the trial court did not specify the ground(s) on which it granted the motion, appellants are required to show each independent ground alleged in the motion is insufficient to support the trial court's order. *See Estate of Savana*, 529 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Parkhurst v. Office of the Att'y Gen. of Tex.*, 481 S.W.3d 400, 402 (Tex. App.—Amarillo 2015, no pet.). Appellants have challenged each ground, and we address them in turn. Appellants further request that, in the event we conclude the trial court erred in granting the Rule 91a motion to dismiss, we also vacate that portion of the trial court's order awarding the movants attorney's fees as the prevailing party on the motion.[10] *See* TEX. R. CIV. P. 91a.7.

#### *1. TUFTA Limitations*

Citing TUFTA section 24.010(a), certain Pillar transferees[11] moved for dismissal asserting the statute of limitations bars the TUFTA claims against them because appellants did not serve

---

[10] The trial court awarded Apt West and the Pillar transferees $19,350 in costs and reasonable and necessary attorney fees and additional reasonable and necessary attorney fees of $15,000 conditioned on an unsuccessful appeal by appellants in this Court, $10,000 in the event of a petition for review to the supreme court, and another $10,000 in the event the supreme court grants review.

[11] Specifically, defendants alleged untimely service of process on American Realty Investors, Inc., Transcontinental Realty Investors, Inc., Robert T. Shaw, Sr., Winter Sun Management, Inc., H198, LLC, Chickory I, L.P., Triad Realty Services, Ltd., Longfellow Arms Apartments, Ltd., Donald C. Carter, and Ryan Phillips. The Rule 91a motion erroneously lists the service dates in 2012, instead of 2016 when the parties were added as defendants, but the movants corrected the error in a reply.

them with process until more than four years after those transferees received a distribution of the apartment complex portfolio sale proceeds from Pillar. Under section 24.010(a), a fraudulent transfer cause of action brought under sections 24.005 and 24.006(a) is extinguished unless it is brought within four years after the fraudulent transfer was made or, in the case of section 24.005(a)(1), within one year after the transfer was or could reasonably have been discovered by the claimant. *See* BUS. & COM. § 24.010(a)(1), (2). Section 24.010(a) is a statute of repose, however, and not a statute of limitations. *See Nathan v. Whittington*, 408 S.W.3d 870, 872–74 (Tex. 2013) (per curiam). Statutes of limitation "operate procedurally to bar the enforcement of a right, a statute of repose takes away the right altogether, creating a substantive right to be free of liability after a specified time." *Id*. at 873 (quoting *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 866 (Tex. 2009)).

Even were section 24.010(a) a statute of limitations, service made on a defendant outside an applicable limitations period is valid if the plaintiff exercised diligence in procuring it, *see Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009), and the exercise of due diligence is generally a question of fact. *See Parsons v. Turley*, 109 S.W.3d 804, 808 (Tex. App.—Dallas 2003, pet. denied). In deciding a rule 91a motion, a trial court may consider only the live pleading and any attachments thereto, *see* TEX. R. CIV. P. 91a.6, and appellants' second amended petition addresses neither the dates appellants served process on the Pillar transferees nor their diligence in doing so. Taking the second amended petition's allegations as true, together with any inferences reasonably drawn from them, we conclude the trial court erred to the extent it granted the rule 91a motion to dismiss on the ground there is no basis in law for appellants' TUFTA claims due to the statute of limitations. *See, e.g., AC Interests, L.P.*, 543 S.W.3d at 706 (rule 91a motion is not proper motion for issue of timely service of citation because it cannot be resolved by looking only at the allegations in the pleadings).

### 2. *Debtor and Creditor Status under TUFTA*

The rule 91a movants also asserted appellants' TUFTA causes of action against them have no basis in law because, with respect to the distributions made by Pillar, neither Pillar not the Pillar transferees are debtors to appellants and appellants are not creditors to any appellee "in this case." TUFTA sections 24.005 and 24.006 require a plaintiff to establish a fraudulent transfer of an asset by a debtor as to a creditor, but a trial court may enter a judgment avoiding the transfer against the first transferee and certain subsequent transferees of the asset. *See* BUS. & COM. §§ 24.005(a)(1) & (a)(2), 24.006(a), 24.009(b). Appellants contend the second amended petition alleges appellants are creditors with a claim against debtors TRA and Apt West as alter egos of Brauss and Martin, and, as discussed above, we agree. Appellants need not allege that either Pillar or the Pillar transferees are debtors to maintain a claim against them, but may seek a judgment against them as transferees, *see* BUS. & COM. § 24.008–.009, and the rule 91a motion does not challenge their status as transferees or subsequent transferees. Because the second amended petition's allegations, taken as true and together with any inferences reasonably drawn from them, do not demonstrate a clear legal bar to appellants' TUFTA causes of action because Pillar and/or the Pillar transferees are not debtors to appellants or appellants are not creditors to any appellee, the trial court erred to the extent it granted the rule 91a motion to dismiss on this ground.[12]

### 3. *Good Faith Transferees*

The Pillar transferees also sought dismissal of appellants' TUFTA section 24.005(a)(1) causes of action against them, asserting they were "good faith purchasers" because they had no knowledge or notice of the alleged intent to "delay, hinder, or defraud" appellants on the part of

---

[12] In a reply filed in the trial court and their brief on appeal, the rule 91a movants also argue the law of the case in support of dismissal. However, they did not raise the argument in the rule 91a motion or amend the motion to include it. *See* TEX. R. CIV. P. 91a.2 ("A motion to dismiss ... must state specifically the reasons the cause of action has no basis in law ...."); *Drake v. Walker*, No. 05-14-00355-CV, 2015 WL 2160565, at *3 n.2 (Tex. App.—Dallas May 8, 2015, no pet.) (mem. op.) (refusing to consider argument raised in brief but not in motion to dismiss). In any event, and for the same reasons stated above, we have concluded that the law of the case doctrine does not preclude us from considering the trial court's jurisdiction over appellants' TUFTA causes of action.

TRA, Brauss, Martin, or Pillar. TUFTA provides a transfer of property made with the actual intent to hinder, delay, or defraud creditors is not voidable "against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee." BUS. & COM. § 24.009(a); *see also Janvey v. Golf Channel, Inc.*, 487 S.W.3d 560, 564 (Tex. 2016) (whether transferee takes an asset in good faith and for a reasonably equivalent value is an affirmative defense to a TUFTA claim). However, appellants respond, and we agree, that whether the Pillar transferees took proceeds from the sale of the apartment complex portfolio in good faith and for a reasonably equivalent value is a fact question the trial court could not have determined by considering only appellants' second amended petition. *See* TEX. R. CIV. P. 91a.1; *AC Interests, L.P*, 543 S.W.2d at 706. The second amended petition does not address specifically whether the Pillar transferees took in good faith, but asserts the asset transfers were structured to ultimately benefit them. The petition further alleges the Pillar transferees gave no consideration for the proceeds. Because the allegations, taken as true and together with any inferences reasonably drawn from them, do not establish the Pillar transferees' good-faith purchaser affirmative defense under TUFTA, the trial court erred to the extent it granted the rule 91a motion to dismiss on the ground there is no basis in law for appellants' TUFTA section 24.005(a)(1) causes of action against the Pillar transferees because they were good faith transferees.

*4. Aiding and Abetting Limitations*

Apt West sought dismissal of the aiding and abetting claim against it, asserting the statute of limitations bars the claim because appellants allege acts of aiding and abetting related only to Brauss's and Martin's assignment of ownership interests in 2009, which was beyond the applicable underlying four-year statute of limitations period. Appellants, citing a Houston court of appeals opinion, contend that the scope of a rule 91a motion does not encompass judicial inquiry into the merits of a defendant's affirmative defense. However, this Court and others have upheld rule 91a

dismissals on the basis of affirmative defenses when the pleadings established the applicable defense. *See, e.g., Bethel v. Willing, Selander, Lownds, Winslett & Moser, P.C.*, No. 05-17-00850-CV, 2018 WL 2434410, at *2 (Tex. App.—Dallas May 30, 2018, pet. filed) (mem. op.) (attorney immunity); *Highland Capital Management, LP v. Looper Reed & McGraw, P.C.*, No. 05-15-00055-CV, 2016 WL 164528, at *4–6 (Tex. App.—Dallas Jan. 14, 2016, pet. denied) (mem. op.) (attorney immunity); *Galan Family Tr. v. State*, No. 03-15-00816-CV, 2017 WL 744250, at *3 (Tex. App.—Austin Feb. 24, 2017, pet. denied) (mem. op.) (statute of limitations); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754-55 (Tex. App.—Beaumont 2014, pet. denied) (immunity from suit under the Communications Decency Act). That is not the case here.

Dismissal on the pleadings is a harsh remedy, requiring courts to strictly construe rule 91a's requirements. *See Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 238 (Tex. App.—San Antonio 2014, pet. denied). And, under the rule, a cause of action has no basis in law only if the plaintiff's allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. TEX. R. CIV. P. 91a.1. "In short, the plaintiff must plead sufficient facts to supply a legal basis for his claim but not so much that he affirmatively negates his right to relief." *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 609 (Tex. App.—Corpus Christi 2017, no pet.) (quoting *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied)).

Here, a rule 91a dismissal is appropriate only if the allegations in the second amended petition establish Apt West is entitled to prevail on its statute of limitations affirmative defense. *See Galan Family Tr.*, 2017 WL 744250, at *3. In *Galan Family Trust*, the Austin Court of Appeals concluded the trial court properly dismissed the plaintiff's takings claim on the defendant's statute of limitations affirmative defense based solely on the pleadings, which demonstrated the claim was filed 140 years after the alleged taking and well past the ten-year

limitations period for the claim.  *Id.*  In this case, however, the second amended petition alleges a complicated set of facts that do not affirmatively demonstrate Apt West is entitled to prevail on its statute of limitations defense.  Although the second amended petition alleges acts of aiding and abetting related to Brauss's and Martin's 2009 assignment of ownership interests, it also alleges Apt West, along with others, subsequently attempted to conceal the 2009 assignments and hoped to launder and prevent the apartment complex portfolio sale proceeds from being traced to MRI and the Pillar transferees.  Construing the second amended petition liberally, we conclude it does not allege facts that affirmatively negate appellants' right to relief by establishing Apt West's statute of limitations defense.  Accordingly, the trial court erred to the extent it granted the rule 91a motion to dismiss on the ground there is no basis in law for appellant's aiding and abetting cause of action against Apt West.

### 5. Veil-Piercing Claim

Apt West also sought dismissal of appellants' veil-piercing claim because it is not a separate cause of action and, therefore, has no basis in law.  The second amended petition refers to appellants' veil-piercing allegations as a claim, but we do not construe, and appellants concede, the allegations do not give rise to a separate cause of action.  *See Matthews Const. Co., Inc.*, 796 S.W.2d at 693 n.1.  Texas courts have recognized use of veil piercing and, in this case, reverse veil piercing theories to hold alter egos liable for another's debts if the alter ego has been used to hide assets.  *See, e.g., Wilson*, 305 S.W.3d at 70–71.  And, as discussed above, appellants have alleged facts that, taken as true, support their theory that TRA and Apt West are alter egos of debtors Brauss and Martin for purposes of their TUFTA claims.  Thus, we conclude the trial court erred to the extent it granted the rule 91a motion because there is no basis in law for appellants' veil-piercing "claim."

6. *No Basis in Fact*

Lastly, Apt West and the Pillar transferees sought dismissal of appellants' causes of action against them, asserting the causes of action have no basis in fact. Appellants contend the trial court erred to the extent it granted the motion on this ground because Apt West and the Pillar transferees cannot show that "no reasonable person could believe the facts pleaded" as required for dismissal under rule 91a.

According to the rule 91a motion, none of the second amended petition's factual allegations support appellants' fraudulent transfer claims against them. Specifically, Apt West and the Pillar transferees complain the allegations that (1) Pillar distributed $33.6 million in sales proceeds to the Pillar transferees, who paid no value in turn, and (2) MRI and the Pillar transferees were the ultimate beneficiaries of the sales proceeds do not support the TUFTA section 24.005(a)(1), 24.005(a)(2) or 24.006(a) causes of action against them. A cause of action has no basis in fact if "no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1. Apt West and the Pillar transferees have not asserted no reasonable person could believe the facts pleaded; instead, they have simply isolated certain statements referring to the Pillar transferees and argued those statements are not sufficient to state a TUFTA cause of action against them. Therefore, we conclude the trial court erred to the extent it granted the rule 91a motion on the basis that appellants' TUFTA causes of action have no basis in fact. Further, after reviewing the second amended petition under rule 91a's factual-plausibility standard, we conclude it is possible a reasonable person could believe the facts as alleged. Having concluded nothing in the second amended petition triggers a clear legal or factual bar to appellants' causes of action, we conclude the trial court erred in granting the rule 91a motion to dismiss. Accordingly, we sustain appellants' first issue.

CONCLUSION

We reverse the trial court's orders granting TRA's and Pillar's pleas to the jurisdiction and granting Apt West's and the Pillar transferees' rule 91a motion to dismiss and awarding costs and attorney's fees to Apt West and the Pillar transferees as the prevailing parties on the motion. We remand this cause to the trial court for further proceedings, including a new hearing and determination of recoverable costs and attorney's fees to be awarded to the prevailing party under rule 91a.7, *see* TEX. R. CIV. P. 91a.7; *Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 187 (Tex. App.—Houston [14th Dist.] 2015, pet. denied), consistent with this opinion.


/Ada Brown/
ADA BROWN
JUSTICE


170577F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NIXDORF GMBH & CO. KG AND
WATERCREST PARTNERS, L.P.,
Appellants

No. 05-17-00577-CV        V.

TRA MIDLAND PROPERTIES, LLC,
PILLAR INCOME ASSET
MANAGEMENT, INC., TRA APT WEST
TX, L.P., TRANSCONTINENTAL
REALTY INVESTORS, INC.,
AMERICAN REALTY INVESTORS,
INC., WINTER SUN MANAGEMENT,
INC., H198, LLC, TRIAD REALTY
SERVICES, LTD., REGIS REALTY
PRIME, LLC, CHICKORY I, L.P.,
SUNCHASE AMERICAN, LTD.,
LONGFELLOW ARMS APARTMENTS,
LTD., VISTAS OF VANCE JACKSON,
LTD., DONALD C. CARTER, ROBERT
T. SHAW SR., SCOTT C. LONG, AND
RYAN PHILLIPS, Appellees

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-06190.
Opinion delivered by Justice Brown;
Justices Bridges and Whitehill
participating.

In accordance with this Court's opinion of this date, the trial court's order granting plea to the jurisdiction and order granting defendants' rule 91a motion to dismiss are **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants NIXDORF GMBH & CO. KG AND WATERCREST PARTNERS, L.P. recover their costs of this appeal from appellees TRA MIDLAND PROPERTIES, LLC, PILLAR INCOME ASSET MANAGEMENT, INC., TRA APT WEST TX, L.P., TRANSCONTINENTAL REALTY INVESTORS, INC., AMERICAN REALTY

–23–

INVESTORS, INC., WINTER SUN MANAGEMENT, INC., H198, LLC, TRIAD REALTY SERVICES, LTD., REGIS REALTY PRIME, LLC, CHICKORY I, L.P., SUNCHASE AMERICAN, LTD., LONGFELLOW ARMS APARTMENTS, LTD., VISTAS OF VANCE JACKSON, LTD., DONALD C. CARTER, ROBERT T. SHAW SR., SCOTT C. LONG, AND RYAN PHILLIPS.


Judgment entered this 3rd day of January, 2019.