**Affirmed and Opinion Filed August 31, 2023**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00440-CV**

**IVERY CLARK WILLIAMS, Appellant**

**V.**

**NATALIE STEVENS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-00388-B**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Miskel

Appellant Ivery Clark Williams appeals the trial court's order granting appellee Natalie Stevens's motion to dismiss Williams's claims that she conspired to file fraudulent documents in court while representing her client in a related lawsuit. The trial court dismissed the claims pursuant to the Texas Citizens Participation Act (TCPA). We affirm the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In this case, Williams is suing his opposing counsel in a personal injury lawsuit for legal filings she made on behalf of her client in that case. The present case stems from a separate lawsuit filed by Williams, acting pro se, against defendant Johnny Johnson as a result of a car accident. In the underlying lawsuit, Williams alleged that he suffered personal injuries due to Johnson's negligent operation of a motor vehicle. Johnson retained Stevens as his attorney to represent him in the lawsuit. On behalf of Johnson, Stevens filed an answer and then an amended answer and counterclaim to Williams's complaint, asserting a general denial, the affirmative defense of comparative negligence, and a counterclaim against Williams for negligence, among other arguments.

During the pendency of that case, Williams filed the present lawsuit against Stevens, alleging that Stevens conspired with Johnson in the underlying negligence lawsuit to intentionally and knowingly file fraudulent court documents by making false statements in Johnson's original answer and his amended answer and counterclaim. He further contends that two insurance company investigators participated in the conspiracy to manufacture false evidence and failed to properly investigate the circumstances of the car accident. Williams asserts damages totaling $2,050,000 and demands that Stevens be disbarred from practicing law in any state.

Stevens filed an answer to Williams's complaint, asserting a general denial, the affirmative defenses of attorney immunity and judicial proceedings privilege, and numerous special exceptions to Williams's claims. On the same date, Stevens also filed a motion to dismiss Williams's claims under both the TCPA and Texas Rule of Civil Procedure 91a.

Williams filed a response to Stevens's motion to dismiss and subsequently filed the following documents in the trial court: his own motion to dismiss Stevens's answer and motion to dismiss, a motion to amend his complaint and to add new defendants, a motion for summary judgment, and a motion to dismiss Steven's motion to dismiss for "violating state rules of court."

The trial court held a video hearing on Stevens's motion to dismiss. One week later, the court granted the motion to dismiss Williams's claims under the TCPA without specifying its bases for the order. The order indicates that the court did not consider Stevens's motion to dismiss under Rule 91a on the grounds that Williams's claims have no basis in law or fact. Williams filed a motion to reinstate followed by a notice of appeal in this court. His motion to reinstate was later denied by the trial court. A reporter's record has not been filed in this appeal.

Williams's three stated issues in this appeal are somewhat unclear.[1] We construe Williams's first two issues as arguing that Stevens was required to file a verified plea under Texas Rule of Civil Procedure 93 as part of her original answer in order to challenge "jurisdiction or capacity to suit." Williams apparently contends that Stevens has disputed the court's jurisdiction and Stevens's capacity to be sued by asserting the affirmative defenses of attorney immunity and judicial proceedings privilege in her motion to dismiss under the TCPA.

Williams's third issue generally reasserts his claims relating to false statements and conspiracy, but his brief also objects to actions taken by the trial courts in the underlying negligence case.[2] We may not consider issues in cases not before us. However, given that Williams is appealing the trial court's order granting Stevens's motion to dismiss under the TCPA, which does not specify the grounds

---

[1] We liberally construe pro se pleadings and briefs. *Lipscomb v. City of Dallas*, No. 05-17-00484-CV, 2018 WL 525685, at *1 (Tex. App.—Dallas Jan. 24, 2018, pet dism'd w.o.j.) (mem. op.). However, we note that an appellate court has no duty to brief issues for an appellant. *Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 783 (Tex. App.—Dallas 2013, no pet.). We must be able to discern from an appellant's brief what question of law is at issue in the case. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.); *see* Tex. R. App. P. 38.1(f). In addition, the brief should not require us to speculate about the contentions being made or contain legal references that are too general or not applicable to the facts and issues in the case. *Bolling*, 315 S.W.3d at 896; *see* Tex. R. App. P. 38.1(i). Applying the principle of liberal construction in the context of these briefing requirements, we have attempted to discern Williams's claims and key issues on appeal, but we will not mine the Texas and federal statutes to decipher every assertion generally referenced in his brief, response and pleadings.

[2] In his appellate brief, Williams objects to the trial court's grant of Johnson's summary judgment motion and alleges procedural violations in the underlying lawsuit that are not part of the present case on appeal. Williams further asserts that the trial judge in the underlying lawsuit conspired with another lawyer to commit an "intentional tort" such that the judge's orders are void. Williams filed a separate lawsuit asserting these claims, and they are not part of the case at hand. Consequently, we cannot consider these arguments in this appeal.

for the ruling, we will review the trial court's decision before considering Williams's other issues.

## II.  APPELLATE JURISDICTION

We first address our jurisdiction to hear this appeal due to initial questions regarding the parties to this lawsuit.  As a general rule, an appeal may be taken only from a final judgment disposing of all pending parties and claims.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  After filing his initial complaint in the trial court, Williams filed a motion to amend his complaint to add three additional defendants, Johnson and the two insurance company investigators.  The record does not contain returns of service for these defendants, and they did not file answers or otherwise appear in the trial court proceedings.

Williams's notice of appeal in this court also lists these three parties in addition to Stevens.  Counsel for Stevens clarified in appellee's brief that he represents only Stevens and that none of the other listed parties appear to have been properly served or have made an appearance in this case.  Williams did not respond to this clarification and has not requested that the additional parties be served.  He provided no contact information for service of process on these defendants in his amended complaint.

We find nothing to indicate that Williams expects to obtain service on the three additional parties.  In these circumstances, the Texas Supreme Court has held

that "the case stands as if there had been a discontinuance as to [the unserved defendant], and the judgment is to be regarded as final for the purposes of appeal." *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962) (concluding that an order granting summary judgment was final where one of the parties listed in the petition was never served nor answered, and nothing indicated that petitioner ever expected to obtain service upon him). Consequently, we find that the trial court's order granting Stevens's motion to dismiss is the final judgment in this case and that we have jurisdiction over this appeal.[3]

### III. THE TRIAL COURT DID NOT ERR IN GRANTING STEVENS'S MOTION TO DISMISS UNDER THE TCPA

#### A. Standard of Review and Applicable Law

Texas courts have consistently held that a reviewing court should affirm the decision of a lower court granting a motion without specifying the grounds for its order if any of the theories presented are meritorious. *See Garza v. Garcia,* 137 S.W.3d 36, 37 (Tex. 2004) (reviewing order granting motion that asserted both improper venue and inconvenience without specifying grounds); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989) (reviewing order granting motion for summary judgment without specifying grounds); *In re A.C.*, No. 14-99-00448-CV, 2000 WL 1535325, at *1 (Tex. App.—Houston [14th] Oct. 19, 2000, no pet.) (not designated

---

[3] The record also revealed a possible outstanding claim by Stevens for attorneys' fees under the TCPA. Stevens informed this court that she waived the award of attorney's fees at the trial court hearing on the motion to dismiss. As a result, no pending claims remain.

for publication) (reviewing order granting dismissal with prejudice without specifying grounds).

The TCPA generally protects the rights of persons to petition, speak freely, associate freely, and otherwise fully participate in government by providing a statutory mechanism for dismissing retaliatory lawsuits that seek to intimidate or silence them. *See In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015); TEX. CIV. PRAC. & REM. CODE § 27.001–.011. We review de novo the trial court's determination of whether the parties met or failed to meet their respective burdens on a motion to dismiss under the TCPA. *Landry's, Inc. v. Animal Legal Defense Fund*, 631 S.W.3d 40, 45-46 (Tex. 2021); *see* TEX. CIV. PRAC. & REM. CODE § 27.005.

A motion to dismiss under the TCPA generally involves a three-step analysis:

- First, the moving party must show by a preponderance of the evidence that the TCPA properly applies to the legal action against it.

- Second, if the moving party meets that burden, the burden shifts to the nonmoving party to establish by clear and specific evidence a prima facie case for each essential element of its claim.

- Third, if the nonmoving party satisfies that requirement, then the burden shifts back to the moving party to prove each essential element of any valid defenses by a preponderance of the evidence.

TEX. CIV. PRAC. & REM. CODE §§ 27.005; s*ee Youngkin v. Hines*, 546 S.W.3d 675, 679–80 (Tex. 2018). A nonmovant can avoid the TCPA's application and its

burden-shifting requirements by establishing that one of the TCPA's exemptions applies. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.010; *Temple v. Cortez Law Firm, PLLC*, 657 S.W.3d 337, 343 (Tex. App.—Dallas 2022, no pet.). The nonmovant bears the burden of proving a statutory exemption. *Temple*, 657 S.W.3d at 343.

**B. The TCPA applies to Williams's claims because his claims are based on Stevens's exercise of her right to petition a court.**

We first review whether Stevens has demonstrated that the TCPA properly applies to Williams's claims. A party may file a motion to dismiss a legal action under the TCPA if the legal action "is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association…." TEX. CIV. PRAC. & REM. CODE § 27.003(a). The exercise of the right to petition includes "a communication in or pertaining to … a judicial proceeding." *Id*. §27.001(4). A "communication" is defined as "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id*. §27.001(1).

Written statements made in answers and counterclaims filed in the court by lawyers on behalf of their clients fall within the right to petition as defined in the TCPA. *See Brown Sims, P.C. v. L.W. Matteson, Inc.*, 594 S.W.3d 573, 578 (Tex. App.—San Antonio 2019, no pet.) (concluding that an answer filed by attorneys in court "is most certainly a communication in a judicial proceeding" under the TCPA); *see also Youngkin*, 546 S.W.3d at 680–81 (holding that oral statements by an

–8–

attorney in open court and entered into the court's record were statements in a judicial proceeding within the TCPA's definition of right to petition).

In his original complaint, Williams stated that his claims relate to the filing of two allegedly fraudulent court documents on specified dates, which were the dates of Johnson's original answer and Johnson's amended answer and counterclaim filed by Stevens in court in the course of representing Johnson in the related negligence case. Williams also attached Johnson's amended answer and counterclaim to Williams's amended complaint in this case, again arguing that statements made in the pleading were false. Williams's legal action is based on communications by Stevens in a judicial proceeding. *See Youngkin*, 546 S.W.3d at 680–81; *Brown*, 594 S.W.3d at 578. We find that the TCPA applies to Williams's claims against Stevens because his lawsuit is based on or is in response to Stevens's exercise of her right to petition.

### C. Williams did not establish a prima facie case for each element of his claims.

Second, given that no exemption to the TCPA is at issue,[4] we examine whether Williams has established by clear and specific evidence a prima facie case for each essential element of his claims. TEX. CIV. PRAC. & REM. CODE § 27.005(c). A prima facie case "refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *Landry's*, 631 S.W.3d at 46 (quoting *In re Lipsky*, 460 S.W.3d at 590). "It is the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id.* (quoting *In re Lipsky*, 460 S.W.2d at 590.)

Evidence is "clear and specific" if it provides enough detail to show the factual basis for the claim. *USA Lending Group, Inc. v. Winstead PC*, 669 S.W.3d 195, 200 (Tex. 2023). This evidence need not be conclusive, uncontroverted, or found credible. *Id.* The trial court must consider the pleadings, evidence that a court could consider in connection with a summary judgment motion, and "supporting and

---

[4] The TCPA does not apply to a legal action based on a common law fraud claim and may not be used to dismiss that action. *See* TEX. CIV. PRAC. & REM. CODE § 27.010(a)(12); *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 281 (Tex. App.—Tyler 2021, pet. denied) (mem. op.). Although Williams's allegations refer to "fraudulent" documents, his arguments focus on Stevens's purported false statements in court documents, and we do not construe his pleadings as setting forth a claim for common law fraud. To establish fraud, a plaintiff must show that: (1) the defendant made a false, material representation; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff justifiably relied on the representation, which caused the plaintiff injury. *Barrow-Shaver Resources Company v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496 (Tex. 2019). We do not find that Williams's pleadings establish a claim for common law fraud under this exemption.

opposing affidavits stating the facts on which the liability or defense is based." *See id.*; TEX. CIV. PRAC. & REM. CODE § 27.006(a).

Williams's response to Stevens's motion to dismiss and his pleadings allege various statutory and constitutional violations but do not clearly set forth the elements of his claims. Williams argues that Stevens made false statements in the legal documents she filed with the trial court in the underlying negligence case, conspiring with Johnson and the insurance investigators in the process.

With respect to his claim that Stevens made false statements, he alleges violations of Section 51.904 of the Texas Government Code, former Disciplinary Rule 1-102 of the Texas Code of Professional Responsibility (replaced by Rule 1.02 of the Texas Disciplinary Rules of Professional Conduct), Rule 13 of the Texas Rules of Civil Procedure, 28 U.S.C. § 1343, and general principles of equal protection and due process. Williams is not able to establish a prima facie case for the elements of these claims in part because most of these statutes do not create a private cause of action and, to the extent any other causes of action may exist, he has not set forth the elements of the claim or provided clear and specific proof thereof.

First, Section 51.904 of the Texas Government Code creates a requirement that judicial clerks post a sign stating that it is a crime to intentionally and knowingly file a fraudulent court record or a fraudulent instrument with the clerk. TEX. GOV'T

CODE ANN. § 51.904. This provision does not create a cause of action and refers to a criminal act not actionable in this civil case.

In addition, we presume that Williams intends to allege violations by Stevens of Rule 1.02 of the Texas Disciplinary Rules of Professional Conduct currently in effect, which prohibits a lawyer from assisting or counseling a client to engage in criminal or fraudulent conduct, among other things. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.02, *reprinted in* TEX. GOV'T CODE ANN, tit. 2, subtit. G, app. A (TEX. STATE BAR R. art. X, § 9). However, violations of these disciplinary rules do not give rise to a private cause of action even if they may give rise to attorney sanctions under appropriate disciplinary proceedings. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT preamble ¶15.

Williams's amended complaint also references Rule 13 of the Texas Rules of Civil Procedure regarding his claims that Stevens filed a fictitious pleading or made statements in a pleading that she knew to be groundless. *See* TEX. R. CIV. P. 13. Although this rule permits a court to impose sanctions upon an attorney or party who signs documents containing false and groundless statements, Williams did not file a motion for sanctions thereunder nor has he demonstrated that the statements in the pleadings have no basis in law or fact. *See id.*

Likewise, Williams refers to a federal jurisdictional statute establishing that district courts shall have original jurisdiction of civil actions, which does not create

a cause of action and is inapplicable in this case. *See* 28 U.S.C. § 1343. Williams's pleadings also cite the criminal conspiracy venue provision in the Texas Code of Criminal Procedure, which pertains to a criminal case and does not create a private cause of action. *See* TEX. CODE CRIM. P. Art 13.13.

Although Williams also alleges constitutional violations of his First Amendment and Fourteenth Amendment rights under 42 U.S.C. § 1983, he does not provide clear and specific evidence for the elements of a claim thereunder. *See* 42 U.S.C. § 1983.

As a result, he also fails to set forth a prima facie case for conspiracy given that a defendant's liability for conspiracy depends on "participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *West Fork Advisors, LLC v. SunGard Consulting Services, LLC*, 437 S.W.3d 917, 920 (Tex. App.—Dallas 2014, pet. denied) (quoting *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996)); *see also Guzder v. Haynes and Boone, LLP*, No. 01-13-00985-CV, 2015 WL 3423731, at *8 (Tex. App.—Houston [1st Dist.] May 28, 2015, no pet.) (mem. op.) (holding that the trial court did not err in dismissing the appellant's civil-conspiracy-to-commit-fraud claim because it did not err in dismissing the underlying fraud claim).

Similarly, Williams asserts a conspiracy claim under 42 U.S.C. § 1985(3), but does not establish the elements of a prima facie case thereunder. When there has not

–13–

been an underlying violation of 42 U.S.C. § 1983, no conspiracy claim under 42 U.S.C. § 1985(3) exists. *See Brown v. City of Grand Prairie*, No. CIV.A. 3:01–CV–0139, 2002 WL 171728, at *8 (N.D. Tex. Jan. 29, 2002) (citing *Kerr v. Lyford*, 171 F.3d 330, 341–42 (5th Cir. 1999)).

Williams asserts some claims in the form of general and conclusory statements alleging violations of various state and federal statutes that are not clearly cited or applicable. Williams did not provide clear and specific evidence with respect to each essential element of any valid claim against Stevens. We find that he fails to meet the standard under the TCPA to establish a prima facie case for his claims.

### D. Williams's claims are barred by the affirmative defense of attorney immunity.

Even assuming Williams met his burden of establishing a prima facie case for a claim, we would then examine whether Stevens has established the affirmative defense of attorney immunity asserted in her answer and motion to dismiss.

"[A]n attorney may be liable to nonclients only for conduct outside of the scope of his representation of his client or for conduct foreign to the duties of a lawyer." *Youngkin*, 546 S.W.3d at 681. As the Texas Supreme Court has repeatedly emphasized, this defense exists "to promote 'loyal, faithful, and aggressive representation' by attorneys, which it achieves, essentially, by removing the fear of

personal liability." *Id.* at 682 (quoting *Cantey Hanger LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)).

To establish an attorney-immunity defense, Stevens is only required to demonstrate the type of conduct at issue and the existence of an attorney-client relationship at the time of the conduct. *See id.* at 683; *Taylor v. Tolbert*, 644 S.W.3d 637, 645 (Tex. 2022). This court must then decide the legal question of whether this conduct falls within the scope of representation. *See Taylor*, 644 S.W.3d at 645.

Whether particular conduct is protected by immunity depends on the type of conduct at issue rather than the alleged wrongfulness of the conduct. *Id.* at 646. "Merely labeling an attorney's conduct as 'fraudulent' does not and should not remove it from the scope of client representation or render it 'foreign to the duties of an attorney.'" *Cantey Hanger*, 467 S.W.3d at 483 (citing *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 406 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)). "[A] lawyer who is doing his or her job is not more susceptible to civil liability just because a nonclient asserts that the lawyer's actions are fraudulent, wrongful, or even criminal." *Taylor*, 644 S.W.3d at 648.

In *Cantey Hanger*, a nonclient divorce litigant sued the opposing law firm for fraud, aiding and abetting, and conspiracy, alleging that the lawyers falsified a bill of sale to shift tax liability in contravention of the divorce decree. 467 S.W.3d at 479–80. The court held that the type of conduct alleged fell directly within the scope

–15–

of the law firm's representation of the client in the divorce proceeding, regardless of whether the conduct was meritorious or not. *Id.* at 485.

Similarly, in *Youngkin*, a nonclient brought fraud and conspiracy claims against an attorney who represented the opposing party in a real estate dispute involving the nonclient. *Youngkin*, 546 S.W.3d at 678. The nonclient alleged that the attorney entered into a settlement agreement on behalf of his clients through statements made in open court while knowing that the clients had no intention of complying with the agreement, prepared related documents, and filed a related lawsuit against the nonclient on behalf of his clients. *Id.* at 679. The court held that this conduct was directly within the scope of the attorney's representation of his clients despite any disagreement about the substance of the settlement agreement. *Id.* at 682.

In the present case, Williams's pleadings establish that the type of conduct at issue, Stevens's filing of defensive pleadings and a counterclaim on behalf of her client, is within the scope of client representation. In addition, there is no dispute that an attorney-client relationship existed between Stevens and Johnson at the time these documents were filed.

In his response to Stevens's motion to dismiss, Williams attaches Johnson's amended answer and counterclaim, circling the assertions therein that Williams failed to drive in a single lane, made an unsafe lane change, and various other

statements relating to the factual allegations of the underlying negligence case. Williams's pleadings and attached exhibits indicate that he disputes the facts as set forth by Stevens in the defensive pleadings she filed on behalf of Johnson in the underlying negligence case. Nonetheless, the filing of these documents by Stevens falls squarely within the scope of her representation of Johnson.

The type of actions taken by Stevens are typical actions taken by attorneys in the rendition of legal services to clients. Stevens's conduct was within the scope of representation of her client and thus within the bounds of attorney immunity, regardless of any allegations of false statements, conspiracy or other claims. This defense protects Stevens from personal liability to a nonclient.

We find that Stevens established the affirmative defense of attorney immunity by a preponderance of the evidence. Given this conclusion, we need not consider Stevens's argument that the judicial proceedings privilege also applies as an affirmative defense against Williams's claims.

### E. All three steps of the TCPA analysis support dismissal

First, the moving party showed by a preponderance of the evidence that the TCPA applied to the legal action against her. Second, the nonmoving party did not establish by clear and specific evidence a prima facie case for each essential element of any of his claims. Third, the moving party proved each essential element of a valid defense by a preponderance of the evidence. Therefore, the trial court's grant

of the defendant's TCPA motion to dismiss was proper under any step of a TCPA analysis.

## IV. WILLIAMS'S ALLEGATIONS REGARDING RULE 93 VIOLATIONS ARE WITHOUT MERIT

We construe Williams's other two issues on appeal as asserting that the trial court erred in granting Stevens's motion to dismiss under the TCPA because Stevens did not make a verified denial in accordance with Texas Rule of Civil Procedure 93.

Rule 93 requires that a pleading setting up certain matters must be verified by affidavit "unless the truth of such matters appear of record." TEX. R. CIV. P. 93. Matters required to be verified include among others that "the plaintiff has not legal capacity to sue or that the defendant has not legal capacity to be sued" and that "the plaintiff is not entitled to recover in the capacity in which he sues, or that the defendant is not liable in the capacity in which he is sued." *Id.* (1)-(2). A catchall exists for "[a]ny other matter required by statute to be pleaded under oath." *Id.* (16).

Williams cites Rule 93(1) and rule 93(2) to argue that Stevens may not attack "jurisdiction or capacity to suit" or assert her affirmative defenses without a sworn affidavit after twenty days. This assertion indicates some confusion about these legal principles.

First, Stevens's motion to dismiss did not challenge the trial court's jurisdiction. Regardless, Rule 93 does not require that pleadings challenging

jurisdiction be verified. *See* TEX. R. CIV. P. 93.; *Ab-Tex Beverage Corp. v. Angelo State Univ.*, 96 S.W.3d 683, 688 (Tex. App.—Austin 2003, no pet.).

In addition, Stevens's motion to dismiss does not challenge Williams's legal capacity to sue, or Stevens's legal capacity to be sued. "Capacity is a party's legal authority to go into court and prosecute or defend a suit." *Barnes v. Harris County*, No. 14-18-00329-CV, 2019 WL 5444276, at *3 (Tex. App.—Houston [14th Dist.] Oct. 24, 2019, no pet.) (mem. op.) (determining that an assertion of immunity is not a pleading that the defendant lacks the legal capacity to be sued, and finding no authority equating capacity with immunity); *see also Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 848–89 (Tex. 2005) (stating that a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy). Stevens is not attacking any party's capacity to prosecute or defend this lawsuit and did not need to file a verified plea.

Although Stevens does assert that the TCPA as well as the affirmative defenses of attorney immunity and judicial proceedings privilege protect her from liability against Williams's claims, she asserted these defenses in her original answer and did not need to file a verified plea under Rule 93. *See* TEX. R. CIV. P. 93. Stevens filed her motion to dismiss under the TCPA on the same date as her answer, attaching the pleadings from the underlying case which both contained the alleged false statements and demonstrated her attorney-client relationship with the defendant in

that case. *See also Barnes*, 2019 WL 5444276, at \*3 (concluding, in a case involving a governmental immunity defense, that the failure to file a verified denial does not waive immunity as an affirmative defense when the record affirmatively demonstrates it). We find that Williams's assertions of Rule 93 procedural violations are without merit.

## V. CONCLUSION

We conclude that the trial court did not err in granting Stevens's motion to dismiss pursuant to the TCPA. We affirm the trial court's judgment.

220440f.p05

/Emily Miskel/
EMILY MISKEL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IVERY CLARK WILLIAMS,
Appellant

No. 05-22-00440-CV     V.

NATALIE STEVENS, Appellee

On Appeal from the County Court at
Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-22-00388-B.
Opinion delivered by Justice Miskel.
Justices Partida-Kipness and Reichek
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee NATALIE STEVENS recover her costs of this appeal from appellant IVERY CLARK WILLIAMS.

Judgment entered this 31st day of August, 2023.